ORRIN SMITH *versus* WILLIAM KELLEY.
WILLIAM KELLEY *versus* ORRIN SMITH.
SAME *versus* SAME.
SAME *versus* SAME.

The interest of a mortgagee of land cannot at law, pass to a third person, without an assignment, in some form, in writing, under seal, although the contract secured by the mortgage has been assigned by writing without seal.

If a mortgagor, or his assignee, would enable himself to maintain a bill in equity to redeem the premises from the mortgage by means of a tender of the amount due, he must make the tender to the mortgagee or person claiming under him, and not to an assignee of the contract secured by the mortgage.

A grantee of a part of mortgaged premises can redeem his interest, only by payment of the whole amount due on the mortgage.

The commencement and prosecution of an action upon a mortgage, amounts to a waiver of any prior entry to foreclose the same.

THE first named of these four cases was a bill in equity, brought by Smith against Kelley. The facts bearing on the questions decided in the equity suit are found in the opinion of the Court, and in the agreed statement in the other cases.

In the three last named actions, the parties agreed upon the following statement of facts.

The first of these actions was brought on the 24th of February, 1846, on a mortgage of an undivided half of about 30 acres of land, in Augusta, and was entered in the district

court, at the April term, and came up to this Court by demurrer.

To this action the defendant pleaded the general issue and filed a brief statement, claiming a tenancy in common with the plaintiff, of about five acres of the above named thirty, and denying any ouster of the plaintiff, of said five acres; and as to all the residue of the 30 acres, the defendant disclaimed any right, title, or interest therein, or any possession thereof.

The second of these actions was for the other undivided half of the same premises, by virtue of another mortgage of an undivided half, and commenced on the 20th day of March, 1846, to which the same plea and brief statement were filed as in the former action.

Said action was brought in the district court at the same term as the above, and took the same course into this Court.

The third action was commenced on the ———— day of September, 1846, for the whole of the premises, by virtue of both said mortgages, on the ground that the right of redemption had expired, and the title passed absolutely to the plaintiff, and was entered directly in this Court, at the present term. To which the defendant plead the general issue, and filed a brief statement, alleging a tenancy in common as to the five acres, the pendency of the two actions aforesaid, a tender of the full amount due on the mortgage, sued on the 20th of March, and also the pending of a bill in equity, filed by said Smith against said Kelley in this Court, commenced on the 29th of August, 1846, and duly served on said Kelley, and his appearance entered thereto Sept. 15, 1846, for the redemption of one undivided half of said premises.

Subsequently to the two mortgages, aforesaid the mortgagor conveyed the five acres aforesaid to the defendant by warranty deed, and he went into possession of the same, but never was in possession of the residue of said 30 acres.

On the 10th day of March, 1846, defendant tendered the full amount due on the mortgage of the earliest date, and the same sued on the 20th of March, viz: sixty-three dollars.

At that time the plaintiff held the only note described in

the said earliest mortgage on which any thing was due, by virtue of a written assignment on the back of said note, from the original mortgagee, and made some two years before; but from some cause or other, no actual assignment of the mortgage was made, till after the tender, but was made immediately after, without any new consideration.

The plaintiff is the assignee of the two mortgages aforesaid, each of an undivided half of the same premises, of different dates; both of which he commenced the foreclosure upon on the 16th day of September, 1843, and the three years of redemption expired September 16, 1846.

All the writs, pleadings, the mortgages, foreclosures, assignments, deeds, notes, and the bill in equity, may be referred to, without being copied, and any facts therein found, may be considered as part of the case.

Upon these facts the Court are to render such judgment in the several actions as the law requires.

*J. Baker* argued for Smith.

Any one having an interest in the premises may redeem a mortgage. 4 Kent, 162, 163; 2 Story's Eq. 291; 22 Pick. 401; 8 Metc. 45.

It was contended, that the party holding the equity might redeem one of the mortgages, without redeeming the other, although held by the same person. They were distinct transactions, and the mortgages were made at different times.

The tender was made at the right time and to the right person and was sufficient in amount. It was made to the attorney of Kelley, who had the note, and the only demand secured by the mortgage in his hands. The note was assigned to Smith before the tender, and the holder of the mortgage had no right to receive the money, nor had the payee of the note. 8 Pick. 490; 10 Pick. 157. The assignment of the security draws the mortgage to it. *Wilkins* v. *French*, 20 Maine R. 111; *Smith* v. *People's Bank*, 24 Maine R. 185; 2 Story's Eq. 285.

The attorney had the right to take the money, and when

taken, the mortgage would have been of no effect or validity. Rev. Stat. c. 125, § 10.

Besides, the mortgage was to have been assigned, when the note was ; and equity considers what is agreed to be done, as done. *Gardiner* v. *Gerrish*, 23 Maine R. 46.

*Vose*, for Kelley, said that the bill could not be maintained, because Smith had not done what the statute requires shall be done before the mortgagor or his assignee can maintain a bill for redemption. He has not performed the condition, made a legal tender, or required an account to be rendered. It is not pretended that the first or the last has been done.

. The tender relied upon by Smith was no legal tender. It should have been made " to the mortgagee, or person claiming under him," and not to the holder of the note secured by the mortgage. Rev. St. c. 125, § 17 ; 2 Greenl. 322 ; 15 Mass. R. 236.

But if a tender to the assignee of the note would have been good, still a tender to his attorney is wholly insufficient.

The mortgage was not assigned, for it could only be done by writing under seal. *Vose* v. *Handy*, 2 Greenl. 322 ; *Parsons* v. *Welles*, 17 Mass. R. 419.

The opinion of the Court was drawn up by

TENNEY J. — As between the mortgagor and mortgagee of land the legal estate is in the latter. By the law, as it is settled in this State and Massachusetts, the interest of the mortgagee cannot at law pass to a third person without an assignment in some form in writing under seal. *Parsons* v. *Welles & al.* 17 Mass. R. 419 ; *Vose* v. *Handy*, 2 Greenl. 322 ; *Prescott* v. *Ellingwood*, 23 Maine R. 345. Hence no person can be considered as claiming under the mortgagee, unless the claim is by virtue of a deed, notwithstanding the personal contract intended to be secured by the mortgage may be transferred by indorsement, or assignment and delivery.

If a mortgagor, or person claiming under a mortgagor, would lay the foundation for the maintenance of a bill in equity, for the redemption of mortgaged estate, by previous payment or

tender. Such payment or tender is required to be made to the mortgagee or person claiming under him. Statute, chap. 125, sect. 17.

The plaintiff in the equity suit at bar, upon the tenth day of March, 1846, made a tender of the full amount due upon the mortgage from which he seeks a decree for redemption, to the defendant's attorney, who had possession of the note, secured by the mortgage, which note was duly assigned, and requested that the note might be given up and the mortgage discharged. At the time of the tender, the defendant had no assignment of the mortgage, and the money tendered was not received in his behalf; and the note was not given up, or the mortgage discharged. This tender was insufficient to entitle him to a decree in his favor.

The tender of payment of the note, made long after its maturity, could not have the effect to discharge the mortgage. After the condition in the mortgage was broken, the mortgagee's title to the estate was perfect, subject to be defeated only by a process in equity, founded upon payment or tender of payment before foreclosure, as provided in our statute. *Maynard* v. *Hunt*, 5 Pick. 240.

In each of the two suits at law, brought upon the two mortgages given by Bragdon to Cook, the demandant claims to be entitled to a conditional judgment. The tenant disclaims any title or interest in the premises described, or possession thereof, excepting five acres, which is covered by his deed from Bragdon, and which is described in his brief statement; by the facts agreed, he has not been in possession of any portion of the residue, or made claim thereto. The demandant in these suits can have judgment against the tenant, in each, for an undivided half of the premises, as demanded, unless the money due, upon each mortgage, respectively be paid; because the part in the possession of the tenant is liable for all the money due upon the mortgages. *Taylor & al.* v. *Porter*, 7 Mass. R. 355.

The commencement and prosecution of the actions upon the two mortgages, is a waiver of the entry to foreclose, made

by the demandant on the 16th day of September, 1843. *Fay* v. *Valentine,* 5 Pick. 418; *Doe* v. *Palmer,* 16 East, 53; *Goodright* v. *Cardwent,* 6 T. R. 219. And the action commenced by the demandant in September, 1846, on the ground that there had been a foreclosure of the mortgages, cannot be maintained, being in effect for the same cause of action embraced in the proceedings.

> *Bill 'in equity dismissed with costs for defendant. — Judgment for the demandant in each of the suits upon the mortgages for seizin of one undivided half of the premises, unless the sum due upon each respectively be paid within two months.*
>
> *In the other suit, the demandant nonsuit, costs for the tenant.*