## STREET V. BEAL AND HYATT.

1. REDEMPTION: SALE IN PARCELS. The grantee of thirty-six acres of real estate, executed to the grantor a mortgage, to secure the unpaid purchase money; after which a purchaser of the grantee caused the same to be platted, as an addition to an incorporated town. A subsequent purchaser of three of the lots, into which it was divided, brought his action to set aside a sale of the entire tract in the foreclosure of the mortgage, and to redeem the lots, of which he claimed to be the purchaser. It was *held:*

    1. That the sale in foreclosure was not invalid, because it was not made in parcels.

    2. That the plaintiff was not entitled to, neither could the mortgagee be compelled to accept a partial redemption.

2. FORECLOSURE: NECESSARY PARTIES. Subsequent purchasers and incumbrancers are proper, but not necessary parties to a foreclosure proceeding. (*Heimstreet* v. *Winnie,* 10 Iowa, 430.)

*Appeal from Potawattamie District Court.*

FRIDAY, APRIL 15.

IN July, 1856, defendants sold to one P. B. Dorsey Gray thirty-six acres of land; he executed back mortgages, one to each, upon the undivided half of said land, to secure the unpaid purchase-money. Gray died, and his title and right of redemption afterwards became invested in one N. G. Benton, who laid off said land into town lots, as an addition to the city of Council Bluffs. Lots 1, 2 and 3, in block 12, on said plat, were sold to one J. S. Andrews, who in the year 1857 erected thereon a very large brick structure, at a heavy expenditure. At the October term, 1858, a mechanics' lien judgment was rendered against said property for the sum of $1,663.95, in favor of one Conrad Grote. On this judgment, in February, 1859, the three lots aforesaid, with the improvements thereon, were sold at sheriff's sale, and purchased by the said Grote, to whom, in March, 1860, the property not being redeemed, a deed was duly made. Afterwards, on the 3d day of April, 1860, Grote conveyed by quit-claim deed to the plaintiff.

Afterwards, in December, 1860, the defendants foreclosed their mortgages, and on the the 1st of February following procured the mortgaged premises, including the plaintiffs three lots aforesaid, to be sold at sheriff's sale, became the purchasers, and received from the Sheriff a deed, on the same day, for said property.

The plaintiff, in his suit in equity, in consideration of the foregoing facts, asks to have the deed last aforementioned set aside as void and nugatory, and that he may be permitted to redeem lots 1, 2 and 3, in block 12 aforesaid, by paying the proportion which the value of said lots bear, without the improvements, to the whole number of lots in said subdivision. This plaintiff claims, upon the ground, that it was unlawful to sell the mortgaged premises in a body instead of parcels, and for the further reason, that the defendants, in foreclosing their mortgages, had not made the plaintiff a party to their proceeding, &c. The defendants appeared and answered, admitting some and denying others of the charges made in the petition. The Court, upon the hearing, granted the relief asked, and the defendants appeal.

*Larimer* for the appellants.

I. The plaintiff is not entitled to redeem a fractional part of the property mortgaged. *Kramer* v. *Rebman*, 9 Iowa, 114; *Schricker* v. *Field*, Id., 366; Hil. Mort., chap. 14; *Taylor* v. *Porter*, 7 Miss, 355; *Gibson* v. *Orehore*, 5 Pick., 146; 16 Pick.

*Frank Street* for the appellee, cited the following authorities: *Bates* v. *Ruddick*, 2 Iowa, 423, and the authorities there cited; *Veach* v. *Schaup*, 3 Iowa, 194, and the cases there cited; Story Eq. Pl., §§ 193–197, and notes.

LOWE, J.—The case, as made by the bill and answers, is not varied by the evidence taken and submitted. The bill is without equity and should have been dismissed.

If in equity the plaintiff has the right to redeem lots 1, 2 and 3, under the circumstances stated in the bill, by paying the proportional value which they bear to the whole mortgage premises, still it does not appear from the face of the bill, or the evidence, that he offered to do so, or that he is ready or willing to do so now, except from the vaguest implication. But it may be remarked, as a matter of law and equity, that he possessed no such right; nor were the defendants bound to accept money for a partial redemption, had it been tendered.

The doctrine upon the subject will be found settled against the plaintiff's pretended claim, in 1 Hilliard on Mortgages, chap. 15, §§ 31 and 32; also in the case of *Taylor* v. *Porter*, 3 Mass., 355; *Gibson* v. *Crehore*, 5 Pick., 146; *Smith* v. *Kelly*, 27 Maine, 237; *Johnson* v. *Candage*, 31 Id., 28. The rule seems to be very well settled, that a purchaser of a portion of the mortgage property cannot redeem the mortgage without paying the whole debt; in which event it may be stated, he will stand in the place of the party, whose interest in the estate he discharges, and will hold it till the others interested with him pay their shares of the debt, according to the proportional value of the respective parties.

But the plaintiff further claims this right of a partial redemption, upon the ground, that the judgment of foreclosure was void, as to his interest in the mortgaged premises, because he had not been made a party to the proceeding. In the case of *Heimstreet* v. *Winnie et al.*, 10 Iowa, 430, we held just to the reverse of this proposition, to the effect, that whilst it was certainly regular and good practice to make all persons, whether senior or junior incumbrancers, parties in a foreclosure proceeding, for reasons therein stated, yet, that it was not indispensable, and would not vitiate the proceeding if it was not done.

The property mortgaged was a single tract of land, of

thirty-six acres, as it was described in the mortgage, so it was sold by the sheriff, under the foreclosure. The objection, that it was thus sold as a whole, and not in parcels, according to its subdivisions, cannot avail, for the reason that the mortgagees were not parties to the subdivision thereof into town lots, the same having been done by third parties, long after the execution of the mortgage. Besides, it is not pretended that the whole mortgaged property is, or was, worth more than the debt, so, in no event, was the plaintiff prejudiced thereby. An order will be entered in this Court, dismissing the plaintiff's suit at his costs, without prejudice.

Reversed.