## KNOWLES V. RABLIN and CORWITH.

1. **Notice:** LIS PENDENS. A pending suit to foreclose a mortgage is constructive notice to the world of the interest of the mortgagor. Rev., 1860, § 2842.

2. **Foreclosure:** PARTIES: JUNIOR MORTGAGEE. A junior mortgagee is not barred of his right of redemption by a decree foreclosing a senior mortgage rendered in a proceeding to which he was not a party.

3. **Mortgage:** REDEMPTION. A junior mortgagee or purchaser seeking to redeem a portion of the property sold on the foreclosure of a senior mortgage to the senior mortgagee, must tender the amount of the entire senior mortgage debt.

4. **Decree:** ALLEGATIONS: RELIEF. It is erroneous to grant affirmative relief in a decree when no foundation therefor has been laid in the allegations of the petition.

*Appeal from Lee District Court.*

THURSDAY, FEBURARY 1.

THIS is a suit in equity to redeem from a senior mortgage foreclosure sale. The petition alleges that on September 24, 1856, Rufus Wilsey and J. M. Breeden having purchased and received conveyance of certain real estate in Lee county of the defendant, John Rablin, mortgaged the same to him to secure two thousand dollars of the purchase-money, which mortgage was duly recorded October 18, 1856. That on the 16th day of January, 1857, Wilsey sold and conveyed an undivided half thereof to George R. Todd, who executed a mortgage thereon of that date to Wilsey, to secure the payment of three promissory notes, which mortgage was duly recorded on the 24th day of January, 1857. Afterwards and before the maturity thereof, Wilsey sold and assigned one of the notes to John T. Smarr; but there was no assignment of the mortgage otherwise than by the transfer of the note, and no evidence of such transfer was ever recorded.

That on the 17th day of June, 1859, Smarr commenced his suit in the Lee county District Court to collect said note and foreclose said last named mortgage to satisfy the same; that a decree of foreclosure was obtained at the May Term, 1861, and by virtue of special execution thereunder, the land was duly sold and struck off to plaintiff on the 10th day of August, 1863, for the sum of two hundred dollars, and a deed was duly made by the sheriff to plaintiff therefor.

That on September 20th, 1860, the defendant, John Rablin, commenced his suit in the District Court of Lee county, to foreclose the mortgage first above mentioned, made by Wilsey and Breeden to him, but the said Smarr was not made a party to that suit. A judgment of foreclosure for three thousand and fifty dollars was rendered in this action, on the 11th day of December, 1860; and the whole land was sold thereunder, on special execution, February 14th, 1862, to the defendant, John Rablin, for the sum of five hundred dollars, and a sheriff's deed was duly executed and delivered, and was, on the 29th day of March, 1862, recorded.

The petition also contains the further averments, that the defendant, Corwith, claims some interest in the said real estate, derived by purchase from Rablin; that, by his suit for foreclosure, Smarr gave notice to Rablin and the world of his interest in the mortgaged property; that plaintiff, by his purchase at the sale, acquired Smarr's interest and rights; that Rablin claimed to be the owner, and that plaintiff had no interest in the property; that on the 20th day of October, 1863, he tendered, in writing, to Rablin, two hundred and ninety-two dollars, it being one-half the amount of his bid and purchase price at the sale, with interest to date of tender, in redemption for the undivided half of said premises; that defendant refused to accept the tender, which the plaintiff now avers he is ready and willing

to pay.   The petitioner asks that defendants be compelled to accept the tender, and that plaintiff's title be quieted to the undivided half of said real estate, and for general relief.

The defendants demurred to the petition, because it did not state facts sufficient to constitute a cause of action, and specifying wherein.   This demurrer was sustained, and plaintiff appeals.

*Robert H. Gilmore* for the appellant.

*H. Scott Howell* for the appellee, cited the following authorities: *Bradley* v. *Snider*, 14 Ill., 263; *Benedict* v. *Gilman*, 4 Paige, 58; *Vroom* v. *Ditmas*, Id., 526; *White* v. *Hampton*, 13 Iowa, 265; *Polk* v. *Clinton*, 12 Vesey, Jr., 48; *Calkins* v. *Munsel*, 2 Root, 333; 1 Wash. Real Estate, 555; 2 Story Eq., 279, 281; 2 Crabb Real Estate, 91.

COLE, J. — It may well be conceded, that Smarr, by his action to foreclose the mortgage, given to secure the note 1. NOTICE: assigned to him and the two other notes, did lis pendens. give constructive legal notice to Rablin and the world of his interest in the mortgage premises.   Such action was sufficient to charge third persons with notice under our statute. See Rev., § 2842.

Smarr, not being made a party to the foreclosure suit by Rablin, was not prejudiced by the judgment in that case, 2. FORE- so as to bar his right to redeem as junior mort- CLOSURE: parties: ju- gagee.   The plaintiff, by his purchase at the nior mort- gagee. foreclosure sale, acquired, and in equity will be subrogated to, the rights of Smarr.

The question then arises, what are the rights and equities of a junior mortgagee of real property, as against the 3. MORT- senior mortgagee thereof?   We answer: He has, GAGEE: re- demption. beyond question, the right of redemption, but he has this right, subject to the limitations and restrictions

recognized and enforced in connection therewith, in courts of equity. It will be seen by reference to the averments of the petition, that the plaintiff asks and seeks to redeem, only an undivided half of the real estate mortgaged to and purchased at the sale by the defendant, Rablin, upon the payment of one-half of such purchase price. One of the limitations upon the right of redemption of mortgaged property, is, that a purchaser of a part of the mortgaged property cannot redeem without paying the whole debt. This question has been two or three times decided by this court. See *Street* v. *Beal and Hyatt*, 16 Iowa, 68, and authorities cited; *Massie* v. *Wilson et al.*, 16 Iowa, 390, and authorities.

Another limitation upon the right of redemption from a mortgage, is, that the person seeking to redeem must pay, not only the amount bid by the mortgagee at the foreclosure sale, but must pay the whole mortgage debt. This point has also been decided by this court after elaborate argument and thorough examination, and it was held that the rule in equity in this particular, had not been changed by our statute. See *Johnson* v. *Harmon*, 19 Iowa, 58, and authorities cited. In case the redemption is so made, the party redeeming will be subrogated to all the rights of such senior mortgagee. The plaintiff not having tendered a sufficient amount to entitle him to redeem, nor offered to pay whatever sum might be found due, or to pay any other sum than the amount so tendered, did not show himself entitled to any relief. There was no error, therefore, in sustaining the demurrer.

In making up the judgment entry after the order dismissing the plaintiff's petition, and that defendants recover 4. DECREE: their costs, it is added "and their title to said allegations: relief. premises in controversy be forever quieted against the plaintiff and all parties claiming under him." There is no foundation in the pleading for this affirmative relief

to the defendants, and that part of the judgment entry should be erased. With this modification, the judgment of the District Court is, at the costs of the appellant,

Affirmed.