### EDWARD MARTIN *vs*. HENRY C. FRIDLEY.

#### May 5, 1876.

**Foreclosure by Action—Mortgagee in Possession—Ejectment.**—G. and S. held a senior mortgage, plaintiff a junior mortgage. G. and S. foreclosed their mortgage, by suit to which plaintiff was not made a party, and, at the sale under the decree, bid in the property in separate parcels, and, after the time to redeem expired, conveyed by quitclaim to G., and he conveyed to defendant, who is now in possession. Plaintiff offered to redeem one of the parcels sold at the G. and S. foreclosure, by paying the amount bid for such parcel, and interest, which offer was declined, and he afterwards foreclosed his mortgage by advertisement, and became the purchaser at his sale, and he brings this suit to eject defendant. *Held*, 1. That by their quitclaim deed the entire interest of G. and S. passed to G., and by his deed passed to defendant, so that the latter may, as against plaintiff, claim to stand in the position of a mortgagee in possession, who cannot be ejected without payment of the mortgage.

**Same—Redemption by Junior Mortgagee, not Party to the Suit.**—2. That a party having a right to redeem from a mortgage which has been foreclosed, but not so as to bind him, cannot redeem from the foreclosure sale, but must, if he redeem at all, redeem from the entire mortgage, by paying the whole of it.

Appeal by defendant from a judgment of the district court for Anoka county, entered on the report of a referee.

*Gilman, Clough & Lane*, for appellant.

*Bigelow, Flandrau & Clark*, for respondent.

GILFILLAN, C. J. The facts presenting the questions which we deem it necessary to notice in this case are as follows: In July, 1855, the title to the premises in dispute was in A. M. Fridley and Charles L. Chase, and they executed a mortgage, duly recorded, upon the same and other parcels to one Nash, and the ownership of the mort-

gage afterwards passed by assignment to William Gemmell and Robert Salmond, who, in 1859, instituted suit against the mortgagors and other parties to foreclose the mortgage. A decree for foreclosure and sale was entered January 19, 1860, and on April 28, 1860, the property was, under the decree, sold in separate parcels, the plaintiffs in that suit becoming the purchasers, the premises in dispute being struck off to them at the price of $250. In 1869 they conveyed, by quitclaim deed, to John M. Gilman, and he, in 1871, conveyed by a similar deed to defendant, who, at the commencement of this action, was in possession of the property.

In April, 1856, A. M. Fridley, being then the sole owner of the premises, executed a mortgage on them and other parcels to Richard Martin, who, in October, 1859, assigned it to this plaintiff. The mortgage and assignment were duly recorded, and plaintiff, in October, 1870, under a power of sale in his mortgage, foreclosed it by advertisement, and at the sale became the purchaser. In October, 1861, the plaintiff, under his mortgage, tendered a redemption of the parcel in dispute from the Gemmell and Salmond foreclosure, by offering to pay the amount for which that parcel was struck off at such foreclosure, with interest, which tender was refused. The plaintiff was not made a party to the foreclosure suit, and, consequently, not bound by the foreclosure decree and sale.

Upon these facts the plaintiff claims to be entitled to the possession of the land, first, as the owner of the equity of redemption under his mortgage and foreclosure, the prior mortgage not having been foreclosed as to him; second, as having redeemed, by his tender, from the mortgage and foreclosure of Gemmell and Salmond, and thus acquired the interest which vested in them upon their foreclosure.

In regard to the first of these propositions, the answer suggested is that the Gemmell and Salmond foreclosure not being absolute as to plaintiff, the defendant, who is their

successor in interest, has the rights, so far as plaintiff is concerned, of a mortgagee in possession.

To this the plaintiff objects that, as to him, defendant is not the successor to the mortgage interest of Gemmell and Salmond; that, as to him, they had no other than a mortgagee's interest—a mere lien; that such an interest will not pass by mere deed of conveyance of the land; that it did not pass to Gilman nor to defendant by the quitclaim deeds; and that, consequently, as to plaintiff, the defendant cannot protect his possession under the mortgage, as a mortgagee in possession.

Gemmell and Salmond had foreclosed their mortgage, by a foreclosure, which, so far as appears, barred every interest in the property except plaintiff's mortgage upon the equity of redemption remaining in the mortgagor after the execution of their mortgage. Prior to such foreclosure a naked deed of conveyance by them would not, according to the authorities, have passed their interest under the mortgage, for the reason that such interest was merely incidental and collateral to the debt, and necessarily was vested in the owner of, and could pass only upon a transfer of, and as an incident to it, and that a deed purporting merely to convey the land is not evidence of an intent to transfer the debt. Upon the expiration of the time to redeem from their foreclosure they became the absolute owners of the property, subject to plaintiff's right of redemption under his mortgage. Except as to his right of redemption, there was a complete merger and union of their mortgage interest and the fee. This merger and union was prevented as to him only so far as was necessary to preserve his right to redeem, and to prevent the extinction of their mortgage interest as against such right to redeem. But, even as against that right, the character of their mortgage interest was changed. The foreclosure extinguished the debt so far as it affected the land, and the mortgage interest was no longer only a lien to secure, and a mere incident to, the

debt. Had he redeemed, he would have been entitled by such redemption to be subrogated, not to a mere lien to secure a debt, and the right to enforce such lien as though no foreclosure had been made, but to the interest in the land which their mortgage and its foreclosure gave them. That interest was the entire title, subject to his right of subrogation to it by redemption, and subject, probably, to be affected by failure to make the foreclosure absolute as to him within the proper time. As, after the foreclosure, their interest was not a mere security for a debt, those decisions which hold that the security—the incident—can pass only by transfer of the debt—the principal—do not apply. Their deed to Gilman, and his to defendant, passed the entire interest in the land which their mortgage and foreclosure gave them. Had they, after foreclosure, entered under it upon the land, plaintiff could not have ejected them without redemption, and defendant occupies the same position.

This makes it necessary to determine the validity of plaintiff's attempt to redeem. This attempt was to redeem, not from the mortgage, but from the sale, by paying for a single parcel the amount bid at the sale for such parcel, with interest. It seems well established by the authorities that one who is not bound by a foreclosure cannot redeem from the sale, but that he must redeem, if he has a right of redemption, from the entire mortgage, by paying the whole amount of it. The rule and principle are concisely stated in *Collins* v. *Riggs*. "The party offering to redeem proceeds upon the hypothesis that, as to him, the mortgage has never been foreclosed, and is still in existence; therefore, he can only lift it by paying it." *Collins* v. *Riggs*, 14 Wall. 491; *Bradley* v. *Snyder*, 14 Ill. 263; *Benedict* v. *Gilman*, 4 Paige, 58; *Johnson* v. *Harmon*, 19 Iowa, 56; *Knowles* v. *Rablin*, 20 Iowa, 101; *Gage* v. *Brewster*, 31 N. Y. 218. The tender was, therefore, of no effect.

Judgment reversed.