EQUITABLE LIFE ASSURANCE SOCIETY of the UNITED STATES, Appellee, v. WILLIAM KRAMER et al., Defendants; COLLINS MORTGAGE COMPANY, Appellant.

No. 42330.

APRIL 3, 1934.

Penningroth & Holmes, for appellant.

Don Barnes, E. H. Wadsworth, and Donald P. Barnes, for appellee.

Evans, J.—The district court held that the applicant, Collins Mortgage Company, was not an owner of the land within the meaning of the cited legislation. Such is the sole question presented in the case. These two foreclosure proceedings have been pending in court in some form from November, 1931, up to the filing of this application on or about June 13, 1933. During all that period the mortgagors, William Kramer and Anna Kramer, were the owners of the property and in possession thereof. The legislation here invoked conferred a measure of discretion upon a court of equity in granting the relief therein provided. The undoubted objective of the legislation is to extend grace to the owner or debtor as between him and his creditor and to protect as far as possible the *status quo* between the parties and to defer for a brief time the debtor's ejection from the premises. The question of constitutionality of the legislation is not pressed upon us. We take the legislation therefore according to its terms. Prior to April 4, 1929, the defendant was the owner of both of these mortgages. It obtained them from the mortgagors. It transferred the senior mortgage to this plaintiff under representation that the security was worth double the face of the mortgage. This does not imply that the representation was knowingly false. On the contrary we deem it to have been made in good faith. The fact that neither mortgagee bid the full amount of his judgment at either sale and that each of them reserved a deficiency judgment, satisfies us that there is no margin of value left in the property and that the only possible function or purpose of an extension would be to enable the junior-mortgagee to increase his own security at the expense of a corresponding loss of security to the senior-mortgagee. The question of the right of a receiver to take possession during the year of redemption was pending without disposition thereof throughout the period of redemption. The two parties are before us primarily as creditors and lienholders and not as debtors or owners. Clearly there is less reason for granting the application of the defendant than there would have been for the granting of such an application to the debtor as against the defendant under the first execution sale. The debtors did not apply for an extension. They thereby waived what-

ever right they had. The defendant's theory is that it has succeeded to such right as an assignee. We think not. There was no assignment of it in fact by the debtors. They simply waived it. Whether a valid assignment could have been made, we need not now decide.

We think the district court properly denied the application.—Affirmed.

CLAUSSEN, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.