COUNCIL BLUFFS INVESTMENT COMPANY, Appellee, v. CLAUS H. KAY et al., Appellees.

D. W. BATES, Receiver, Appellant, v. GEORGE S. WRIGHT et al., Appellees.

No. 42498.

JUNE 23, 1934.

Edward L. O'Connor, Attorney-general, and Swan, Martin & Martin, for appellant.

Wright & Baldwin, George S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellees.

MITCHELL, J.—Claus H. Kay was the owner of 240 acres of land in Cass county, Iowa. He had mortgaged the same for $10,000 to the Packers National Bank of Omaha, Nebraska. There was delinquent interest and part of the principal. The land was subject to an annuity of $300 per year in favor of his mother. This annuity was a prior lien on the land. A considerable amount of the annuity was in arrears. The Packers National Bank of Omaha, Nebraska, sold the mortgage to the Council Bluffs Investment Company.

The Council Bluffs Investment Company filed its petition in equity to foreclose this mortgage, joining among others, as the defendants, Claus H. Kay and his wife, Esther L. Kay, and the Farmers Savings Bank of Atlantic, Iowa. A decree in foreclosure was taken on the 26th day of November, 1932, and special execution issued and sale held by the sheriff on the 28th day of December, 1932. Notice was duly given to Claus H. Kay to plat his homestead, but he did not choose to do this and the sheriff selected a certain part of said land as the homestead of Claus H. Kay. The sheriff exposed to sale at public auction the 240 acres of real estate to the highest and best bidder for cash, and then and there offered the said real estate in the smallest legal subdivisions and received no bids therefor. He then offered the land in a body and sold the same to the Council Bluffs Investment Company for $10,954.42, it being the highest and best bidder, and duly issued a sheriff's certificate of sale to the purchaser.

Prior to September 8, 1932, the Farmers Savings Bank of Atlantic, Iowa, one of the defendants in this case, secured a judgment against Kay. Execution was issued by the clerk under this judgment, and a portion of the land which was covered by the mortgage held by the Council Bluffs Investment Company, to wit, 200 acres

thereof, was sold under general execution sale and the land was purchased at said sale by the Farmers Savings Bank of Atlantic, Iowa. The Farmers Savings Bank of Atlantic, Iowa, in the meantime became somewhat involved and was taken over by D. W. Bates, superintendent of banking of the state of Iowa, and on the 8th of September, 1933, the sheriff executed and delivered to D. W. Bates, receiver of the Farmers Savings Bank of Atlantic, Iowa, a sheriff's deed for 200 acres of the land. It then appears that the sheriff's certificate under the mortgage foreclosure of the Council Bluffs Investment Company was assigned to certain attorneys, to wit, George S. Wright, Addison G. Kistle, and Helen Roadifer. The exact amount they paid for this assignment, and the manner and method of payment, do not appear in the record, but as no question is raised in regard to same we assume that the full amount was paid, although that seems a rather large amount for practicing attorneys in Iowa to raise at the present time.

On the 21st day of December, 1933, D. W. Bates, as receiver of the Farmers Savings Bank of Atlantic, filed an application for the extension of the period of redemption to March 1, 1935, under the provisions of chapter 179 of the 45th General Assembly, and also asked the court to determine the value of the homestead 40 acres in order that the receiver could know the amount required to redeem from the sale under the first mortgage. On the 27th day of December, 1933, Claus H. Kay filed an application to extend the period of redemption as to the 40-acre homestead, but never served any notice calling this up for hearing, and later withdrew his application for extension of time to redeem and it was thus denied by the court. On the 29th day of December, 1933, the appellees Wright, Kistle, and Helen Roadifer filed a motion to strike the application for extension of time. Thereafter the court heard the motion to strike the application of D. W. Bates, receiver, to extend the period of redemption, and sustained the motion to strike. D. W. Bates, receiver, being dissatisfied with the ruling of the lower court, has appealed to this court.

There are many nice questions raised in this case, but we do not find it necessary to pass upon more than one of them. The real estate involved in this case consisted of 240 acres. It was sold en masse on special execution under foreclosure on December 28, 1932, and was bid in by the Council Bluffs Investment Company. Sheriff's certificate was issued covering the property en masse, pur-

suant to such bid, and said sheriff's certificate was assigned to the appellees. The Farmers Savings Bank of Atlantic, Iowa, was a creditor, a junior lienholder on the 200 acres of land, at the time of the foreclosure. It was one of the defendants in said action. The decree, the sale, the issuance of the certificate, the assignment, covered all of the land en masse, to wit, the entire 240 acres. The application filed by the receiver of the Farmers Savings Bank of Atlantic, Iowa, asked for an extension of the period of redemption under chapter 179 of the Acts of the 45th General Assembly, not to the 240 acres (because the receiver had no claim to the entire 240 acres), but only to a part of the 240 acres, to wit, 200 acres. The appellant in this case was a party to the foreclosure and consented to the decree, and, being a party to the foreclosure, his right to redeem was purely statutory. He had no other right. At the time of the execution sale the 240 acres were offered by the sheriff in the smallest subdivision, which was in 40-acre tracts. There were no buyers and the sheriff then offered the entire 240 acres, and the land was sold in this way. The title holder, Claus H. Kay, had a right, under section 11732 of the 1931 Code of Iowa, to deliver to the sheriff a plan for a division of the land levied upon. No such plan for a division of the land was furnished. The Council Bluffs Investment Company bought the entire 240 acres at the sale. It sold and transferred the sheriff's certificate to the appellees, covering all of the land. Claus H. Kay had a right of redemption up to December 28, 1933. The appellant had a right of redemption. This right of redemption could be exercised only by redeeming the whole tract, under the statute; it could not be redeemed in any other way.

This court has in several cases passed upon this very proposition. In the case of Street v. Beal & Hyatt, 16 Iowa 68, 70, 85 Am. Dec. 504, the court said:

"If in equity the plaintiff has the right to redeem lots 1, 2 and 3, under the circumstances stated in the bill, by paying the proportional value which they bear to the whole mortgaged premises, still it does not appear from the face of the bill, or the evidence, that he offered to do so, or that he is ready or willing to do so now, except from the vaguest implication. But it may be remarked, as a matter of law and equity, that he possessed no such right; nor were the defendants bound to accept money for a partial redemption had it been tendered.

"The doctrine upon the subject will be found settled against

the plaintiff's pretended claim, in 1 Hilliard on Mortgages, chap. 15, sections 31 and 32; also in the case of Taylor v. Porter, 7 Mass. 355; Gibson v. Crehore, 5 Pick. [Mass.] 146; Smith v. Kelley, 27 Me. 237 [46 Am. Dec. 595]; Johnson v. Candage, 31 Me. 28. The rule seems to be very well settled, that a purchaser of a portion of the mortgaged property cannot redeem the mortgage without paying the whole debt; in which event it may be stated, he will stand in the place of the party, whose interest in the estate he discharges, and will hold it till the others interested with him pay their shares of the debt, according to the proportional value of the respective parties."

In the case of Douglass et al. v. Bishop, 27 Iowa 214, page 216, the court said:

"In such case the purchaser of a part must redeem the whole of the land mortgaged, and upon payment of the whole of the debt secured by the mortgage."

In the case of Kupper v. Schlegel et al., 207 Iowa 1248, page 1253, 224 N. W. 813, the court said:

"Our statute on redemption (section 11784) provides that: 'The terms of redemption, when made by the title holder, shall be the payment into the clerk's office of the amount of the certificate, and all sums paid by the holder thereof in effecting redemptions. * * *'

"It is a well-recognized rule of law in this state that, when a parcel of land is sold en masse, it must be redeemed as a whole; but under section 11794, Code 1924, it is provided that, when the property has been sold in parcels, any distinct portion may be redeemed by itself.

"The instant property was sold en masse, and under the redemption statute, as written and interpreted, it must be redeemed en masse. See Knowles v. Rablin and Corwith, 20 Iowa 101. The primary difficulty with the statute invoked by the plaintiff, Kupper, in the instant case, is the failure of the statute to provide what proportionate amount a cotenant shall pay to effect a partial redemption. If the legislature intended to modify or change the rule governing the amount required to redeem by a cotenant from the purchaser at execution sale, it would and should be so stated in terms clear and unequivocal. This court has no right to interpolate or amend section 11795."

In the case of Knowles v. Rablin & Corwith, 20 Iowa 101, 104, the court said:

"One of the limitations upon the right of redemption of mortgaged property, is, that a purchaser of a part of the mortgaged property cannot redeem without paying the whole debt. This question has been two or three times decided by this court. See Street v. Beal & Hyatt, 16 Iowa 68 [85 Am. Dec. 504], and authorities cited; Massie v. Wilson, 16 Iowa 390, and authorities."

It thus appears from the cases above cited that the only right of redemption the appellant had was the right to redeem the entire 240 acres within the time prescribed by the statute. The application which the appellant filed for extension of time to redeem covered only 200 acres of the land. Chapter 179 of the Acts of the 45th General Assembly was passed for the purpose of giving to the owners of real estate the right of extension of the period of redemption. The appellant in this case had only an interest in a part of the land, to wit, 200 acres. The mortgage had been foreclosed against 240 acres and sheriff's sale had been en masse. The only right the court had to extend the period of redemption would be to grant an extension of the time to redeem the whole tract. This the appellant by his application never asked the court to do. The original owner of the land, Claus H. Kay, filed an application to redeem the homestead 40 acres but later withdrew it. So that at the moment the sheriff's deed was due there was no power to redeem the whole tract, and consequently the court could not therefore make an order to extend the time for redemption of the whole tract because the right of redemption of the whole tract had expired and the land was no longer redeemable as a whole.

It should be noted in this case that the original owner of the real estate is not in here seeking for this extension of the period of redemption.

In the case of Equitable Life Assurance Society v. Kramer, 218 Iowa 80, 253 N. W. 809, this court said:

"The legislation here invoked conferred a measure of discretion upon a court of equity in granting the relief therein provided. The undoubted objective of the legislation is to extend grace to the owner or debtor as between him and his creditor and to protect as far as possible the status quo between the parties and to defer for a brief time the debtor's ejection from the premises."

In the case at bar the original owner of this real estate is in no way seeking to extend the period of redemption. The only person who asked that is a creditor of the original owner. The question of whether or not he has that right it is not necessary to pass upon at this time. There was a motion to dismiss submitted with this case, but, in view of our opinion, said motion is overruled.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, STEVENS, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.