METROPOLITAN LIFE INSURANCE COMPANY of New York City, Appellant, v. FRANK J. HODAPP et al., Appellees.

No. 43145.

DECEMBER 17, 1935.

Tinley, Mitchell, Ross & Everest and Karl F. Geiser, and White & White, for appellant.

Smith & More, for appellees Frank J. and Mary Hodapp.

Byers & Buckley, for appellees Isadore and Clara Pauley.

HAMILTON, J.—The right to an extension of the period of redemption is based upon the provisions of Chapter 179 of the Acts of the 45th General Assembly of Iowa. The provisions of this chapter are made applicable to an "action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, *has not expired,* upon application of the *owner or owners* of such real estate," etc. Section 1. By Section 2 of the act it is provided: "During the period of extension of redemption * * * the owner or owners of said real estate shall have the *exclusive* right to redeem," etc.

■■■ We are here confronted with a situation where the title to the real estate is in the hands of two different persons, with a sale en masse of the entire tract to one person, the period of redemption having expired as to the owner of one tract prior to the filing by said owner of his application for extension of the period of redemption, and in which the period of redemption has not expired at the time of the filing of the application for extension on behalf of the owner of the other tract. We are unable to see how the provisions of Chapter 179 above referred to can be made applicable to a situation of this kind, and appellees have not favored us with a brief and argument or attempted in any way to sustain the order of the lower court. The right of redemption could only be exercised by the owner of either of the tracts of real estate by redeeming the whole of said real estate. Council Bluffs Inv. Co. v. Kay, 218 Iowa 515, 255 N. W. 721.

■■■ Under Chapter 179, Acts of the 45th General Assembly, the exclusive right to redeem during the period of redemption is in the owner or owners of said real estate, and as to Pauley, the owner of a portion of said real estate, the period of redemption had expired before he filed his application. The order of the court in granting the extension as to him is clearly erroneous. The granting of the extension as to Hodapp, whose application was filed in time, is of no benefit to him for the reason that he can only redeem as to the part owned by him by redeeming from the sale of the entire tract owned by both parties; and, under the plain provisions of the statute, he has no right to redeem from that portion of the real estate owned by Pauley, as the exclusive right to redeem is vested in the owner and he is not the owner of that portion of said real estate. Hodapp has no right of redemption in any other capacity under this moratorium statute than that of owner. The statute expressly provides that "the rights of redemption of subsequent mortgagees, junior lienholders, and creditors shall terminate within the period as by law now provided, the provisions of this act notwithstanding." Section 2.

It necessarily follows that the order of the trial court must be and is hereby reversed.—Reversed.

KINTZINGER, C. J., and all Justices concur.