## Case No. 3,272.

### COTTRELL v. ADAMS.

[2 Biss. 351;[1] 2 Chi. Leg. News, 373; 2 Leg. Gaz. 275.]

Circuit Court, N. D. Illinois. Aug., 1870.

ASSIGNMENT OF MORTGAGE—RIGHTS OF ASSIGNEE.

1. To enable the assignee of a mortgage to recover in ejectment the possession of the mortgaged premises, he must show a conveyance or grant to himself of the estate which he seeks to recover.

2. The assignment of a note and mortgage, with authority to the assignee to foreclose, does not transfer the legal estate nor enable the assignee to maintain ejectment.

This was an action of ejectment brought by the plaintiff as assignee of a certain mortgage given by the defendant, John Adams, to the Kenosha & Rockford Railroad Company for the premises in question. The

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

mortgage was in due form, and, with the assignment thereof, was the only title which the plaintiff presented. No exception was taken by the defendant to the mortgage or assignment, but it was claimed that they did not make out such a legal title as authorizes a recovery. The assignment under which the plaintiff claimed is as follows: "Know all men by these presents, that the Kenosha & Rockford Railroad Company is justly indebted and promises to pay to Adam Cottrell, or bearer, one thousand dollars, on the first day of July, A. D. 1867, at the People's Bank, in the city of New York, together with interest thereon from and after the first day of July, A. D. 1857, at the rate of ten per cent. per annum, payable on each first day of January and July, on the presentation and surrender of the annexed coupons at said bank. To the payment whereof the said company hereby bind themselves firmly by these presents; and for the better security of such payment being made to the holder thereof, the said company have assigned and transferred, and by these presents do assign and transfer to the said holder of this bond, a certain note for the sum of $1,000, executed by John Adams, together with a mortgage given collateral to and for the purpose of securing the payment of the same, dated on the 16th day of June, A. D. 1857, payable in ten years from the first day of July, A. D. 1867, with interest at the rate of ten per cent. per annum, which said note and mortgage are hereto appended, and are transferable in connection with this bond to any parties or purchasers whomsoever, and not otherwise. And the said company do hereby authorize and empower the holder of this bond, at any time in case said company shall fail to perform any of the foregoing stipulations, by neglecting to pay either principal or interest on this bond when the same shall become due, to proceed and foreclose the said mortgage, or to take such other legal remedy on said note and mortgage against said mortgagor or against this company, on this present bond, or on both, as shall seem proper and expedient to said holder thereof."

Sleeper & Whiton, for plaintiff.

Winston, Campbell & Willard, for defendant.

BLODGETT, District Judge. The only question to be decided is, whether this assignment is such a grant of the fee of the mortgaged premises as authorizes the assignee to maintain an action of ejectment for the recovery of the premises conveyed. The rule is well settled that a mortgagee can maintain ejectment after condition broken, for the recovery of the mortgaged premises; but when an assignee attempts to exercise the rights of the mortgagee, it seems to me, he must, if he would attempt to recover the possession of the premises by ejectment, show a conveyance or grant to himself of the estate

which he seeks to recover. And I do not think that this assignment is a grant of the fee in the land—the mortgaged premises. It authorizes the holder or assignee to proceed and foreclose the mortgage, or to take any other remedy at law or equity. Now there is no grant of the fee, and it is well settled that no person can recover possession in ejectment unless he shows that he is entitled to the estate which he describes in his declaration. He has an equitable interest in the mortgage as assignee of the debt thereby secured.

But does the legal estate pass by the terms of the assignment? It seems to me not. There are no words of grant. There are no words by which it would appear that the assignor intended to convey the mortgaged premises themselves to the assignee. He simply authorizes and empowers the holder of this bond, "at any time, in case said company shall fail to perform any of the foregoing stipulations by neglecting to pay either principal or interest on this bond, when the same shall become due, to proceed and foreclose the said mortgage, or to take such other legal remedy on said note and mortgage against said mortgagee or against said company, on its bond or on both, as shall seem proper and expedient to said holder thereof."

Before ejectment can be maintained for the possession of the property, there must be an investiture of the legal estate in the plaintiff. I shall, therefore, be compelled to find for the defendant.

NOTE [from original report]. A mortgagee may in Illinois bring ejectment after condition broken. Carroll v. Ballance, 26 Ill. 9; Karnes v. Lloyd, 52 Ill. 113; Pollock v. Maison, 41 Ill. 516; Morrison v. Buckner [Case No. 9,844]; Hughes v. Edwards, 9 Wheat. [22 U. S.] 489. As to how far mortgagee is considered as the owner of the fee, consult Nelson v. Pinegar, 30 Ill. 473; Moore v. Titman, 44 Ill. 367. The assignment of a note secured by mortgage carries with it only an equitable interest. Edgerton v. Young, 43 Ill. 464. The transfer of a note secured by mortgage carries the mortgage with it. Dick v. Mawry, 9 Smedes & M. 448; Henderson v. Herrod, 10 Smedes & M. 631; Burdett v. Clay, 8 B. Mon. 287. But the estate of the mortgagee can only be assigned by deed. Warden v. Adams, 15 Mass. 232; Smith v. Kelley, 27 Me. 237. In Massachusetts the assignment of a mortgage debt is but an equitable assignment of the mortgagee's interest, and has no direct effect upon the legal estate. Damon v. Bryant, 6 Gray, 564; Young v. Miller, Id. 152; Crane v. March, 4 Pick. 131; Cutler v. Haven, 8 Pick. 490; Warden v. Adams, 15 Mass. 232. In New Hampshire, however, as also in Pennsylvania, Ohio, and several other states, it is held that the assignment of a mortgage debt carries the mortgagee's estate in the land, in the same manner as if passed by deed. Page v. Pierce, 6 Fost. 317; Southerin v. Mendum, 5 N. H. 420; Smith v. Moore, 11 N. H. 55; Rigney v. Lovejoy, 13 N. H. 247. The assignment of the note or bond which a mortgage is intended to secure, unless there is some contract to the contrary, is an equitable assignment of the mortgage; and the assignee of the note or bond may use the name of the mortgagee to enforce the mortgage at law. Graham v. Newman, 21 Ala. 497. But if the mortgage itself is assigned in proper form, the legal title of the mortgagee

passes to his assignee, and proceedings at law to enforce the mortgage must be in the name of the assignee. Id.