CAMPBELL ET AL. V. JOHNSON, APPELLANT.

65  439
42a 339

**Power Given by Will,** EXECUTION OF. A conveyance in fee with covenants of seizin and warranty will be held, at least in favor of a purchaser for value, to be a good execution of a power to convey in fee given by a will to a tenant for life, though the conveyance contains no reference either direct or indirect to the will or the power.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

*F. H. Warren* for appellant.

HOUGH J.—This was an action of ejectment, brought by the plaintiffs as heirs at law of John P. Campbell, for the recovery of certain land of which he died seized. By his will he bequeathed to his wife, Louisa T. Campbell, a life estate in all his real and personal property, subject to the payment of his debts, with power to dispose absolutely of such portion thereof as in her judgment should be necessary to pay debts or to defray the ordinary expenses of the family.

The defendant claimed title under a deed in fee, executed by said Louisa T. Campbell, containing covenants of seizin and warranty. This deed contained no reference whatever to the will, or the power therein conferred upon her. The rights of the parties, it will at once be seen, involve a consideration of the identical questions discussed and decided in *Owen v. Switzer*, 51 Mo. 322, and afterwards re-examined in *Owen v. Ellis*, 64 Mo. 77. In the former case the deed of Mrs. Campbell was held operative only to transfer her life estate in the premises described, inasmuch as there was no reference in said deed, either direct or indirect, to the power conferred upon her by the will to convey the fee. In the latter case the description of herself as executrix in the body of the deed, and in her signature thereto, was held to be an indirect reference to the will which contained the power, and therefore a sufficient reference to the

power, and it was accordingly decided in that case that the fee passed. Numerous cases were cited in *Owen v. Ellis*, which lead irresistibly to the conclusion that the true rule in relation to the execution of powers, so far at least as *purchasers for value* are concerned, is the one announced by Sir Edward Sugden, in his comments upon Sir Edward Clere's case, wherein he said, that "an intent, apparent upon the face of the instrument to dispose of *all* the estate would be deemed a sufficient reference to the power to make the instrument operate as an execution of it, inasmuch as the words of the instrument cannot otherwise be satisfied." The cases referred to are of high authority; they have the sanction of great names, and, avoiding the refinements and subtleties investing the doctrine of powers, they announce a rational and just rule, founded upon a liberal and enlightened equity. In the language of Lord Redesdale, "when a person acts for a valuable consideration, he is understood in equity to engage with the person with whom he is dealing, to make the instrument as effectual as he has power to make it." It was not thought necessary in the case of *Owen v. Ellis*, as was then remarked, to follow the cases there cited to their legitimate conclusion, and the decision of that case was therefore put upon another ground, and the decision in *Owen v. Switzer* was left undisturbed. Now, however, we are all of opinion that the rule as herein stated should be the rule of decision in this and in all similar cases, and the case of *Owen v. Switzer* is therefore overruled. The judgment of the circuit court in this case will accordingly be reversed. The other Judges concur.

REVERSED.