FOOTE v. SANDERS *et al., Appellants.*

1.    **Will:** PERSONAL CHARGE ON DEVISEE FOR LIFE: DEVISE OF "WHAT
      REMAINS" AFTER LIFE ESTATE.   A testator by his will appointed his
      wife executrix of his estate. willed that all his just debts be paid,
      and that his wife raise his children as she might think proper, and
      bequeathed to her " all my (his) estate, both real and personal, dur-
      ing her natural life or widowhood, and what then remains to be
      equally divided among my (his) children." *Held,* that the clauses
      relating to the payment of debts and the rearing of the children
      imposed no personal charge upon the wife, so as to afford an oppor-
      tunity for the application of the rule that, when a will imposes a
      charge on the person of a devisee, it creates a fee; neither do the
      words " what then remains " imply a power of disposition of the
      real estate, annexed to the life estate devised to the wife; they are
      to be limited to the personalty.   The wife's interest in the realty,
      therefore, was a simple life estate.

2.    **Estoppel:** EQUITY.   The facts of this case are not such as to estop
      the plaintiffs from asserting their title to the land devised to them
      by their father on the ground that they have enjoyed the proceeds
      of a sale of the land made by his executrix.

3.    **Estate:** DEED.   Where tenant for life in his own right executes a
      conveyance purporting and intended to convey the fee, the con-
      veyance though ineffectual for that purpose, will pass his life estate.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB,
Judge.

AFFIRMED.

*Heren, Vories, Vineyard & Woodson* for appellants.

1.    The testator charged his wife with the payment
of his debts and committed to her care and charge the
rearing, as she thought proper, of their six infant children.
It is not reasonable to conclude that he would impose these
important charges upon her without providing any fund
or means except a life estate in his property.   The imposi-
tion of these charges raises a power to sell.   *Jackson v.
Martin,* 18 John. 30; *Jackson v. Bull,* 10 John. 148; 2
Wend. 14; *Jackson v. Merrill,* 6 John. 185; *Schermerhorne
v. Schermerhorne,* 6 John. Ch. 70.

2. The devise is not to the wife for her use during her life or widowhood, and then to his children, but to her during her natural life or widowhood, " and then what remains " to his children. These words clearly imply a power to dispose absolutely. *Turner v. Timberlake,* 53 Mo. 371; *Hazel v. Hagan,* 47 Mo. 277; *Ramsdell v. Ramsdell,* 21 Me. 288; *Harris v. Knapp,* 21 Pick. 413.

3. Mrs. Hunt's deed carried the fee. *Ricard v. Williams,* 7 Wheat. 59; *Blagge v. Miles,* 1 Story, 427; *Conklin v. Egerton,* 21 Wend. 430; *Newton v. Bronson,* 13 N. Y. 593; *Owen v. Ellis,* 64 Mo. 77; *Campbell v. Johnson,* 65 Mo. 439.

4. The deed was intended by the grantor to convey the title in fee, and was so understood by the grantee. The grantee paid in good faith the full market value of the land at the time of purchase. That the plaintiffs have received the benefit of the purchase money, is not even questioned, and is manifest from the proof. Having enjoyed the fruit of the conveyance for thirty years, they should be compelled to do justice by making a good title to the land, if defendants have not already such title. *Newton v. Bronson,* 13 N. Y. 591; *Olney v. Eaton,* 66 Mo. 563.

*Willard P. Hall* for respondents.

HENRY, J.—This suit was instituted to quiet title to to certain real estate in Andrew county, Missouri. The plaintiffs are children and heirs of one James C. Hunt, deceased, and the defendants claim the land under a conveyance made by Diana A. Hunt, his widow, to one Abbott.

The controversy arises on the construction of the will of said James C. Hunt, who died in the state of North Carolina, seized of the land in this State, which is in litigation in this suit. The will was as follows:

In the name of God, amen. I, James C. Hunt, being weak in body, but of sound mind, do make this my last will and testament:

Item 1st.  I will that all my just debts be paid, of which there are but few.

Item 2nd.  I give and bequeath unto my beloved wife, Diana A. Hunt, all my estate, both real and personal, during her natural life or widowhood, and what then remains to be equally divided among my children, viz: Leonidas Hunt, Cynisca Hunt, George Bowen Hunt, James Martin Hunt, Elvira Bryan Hunt, and Susan Clemens Hunt.

Item 3rd.  I will that my wife raise my children as she thinks proper.

Item 4th.  I will that my wife, Diana A. Hunt, be my executrix of this my last will and testament, this 28th day of June, 1847.

The appellants contend first, that, by the will, Diana A. Hunt took a fee simple estate in the land, or second, if not at least a life estate with power to dispose of it in fee simple.

1. WILL: personal charge on devisee for life: devise of "what remains" after life estate.

In support of the first proposition, they rely upon the doctrine that when the will imposes a charge, or trust on the person of the devisee, it creates a fee.

That doctrine has no application when a life estate is expressly devised, but only where an estate is given without words of limitation.

Chancellor Kent in *Jackson v. Bull*, 10 John. 151, states the doctrine thus : " Where the charge is upon the estate, and there are no words of limitation, the devisee takes only an estate for life ; but where the charge is on the person of the devisee, in respect of the estate in his hands, he takes a fee, on the principle that he might otherwise be a loser."   This distinction will be found in all the cases on the subject.   It was announced by Lord Mansfield in *Frogmorton v. Holyday*, 3 Burrows 1624, in which he said that " the devisee without words of limitation, can take an estate for life only," but if a personal charge be made upon him, "let the sum charged upon the devisee be ever so small, it shall give a fee."   But in this case, there was no personal charge upon Diana A. Hunt.   The first item of

the will does not charge her personally with the payment of his debts, or any part of them; and the third item, so far from imposing a personal pecuniary charge upon her, leaves it to her to raise the children as she thinks proper. That is certainly too indefinite to create a personal charge upon the devisee.

There is more plausibility in the second position, that she took under the will a life estate with power to sell and convey.

There are adjudications in Maine and Massachusetts, and elsewhere, which favor the doctrine contended for by appellants : *Ramsdell v. Ramsdell,* 21 Me. 288; *Scott v. Perkins,* 28 Me. 22; *Shaw v. Hussey,* 41 Me. 495; *Harris v. Knapp,* 21 Pick. 413; *Paine v. Barnes,* 100 Mass. 470. They hold that from the words "whatever shall remain," the implication is inevitable, that the first taker had a power to make such disposition.

On the other hand, in *Smith v. Bell,* 6 Peters 74, a gift to a wife of all the testator's personal estate, with an absolute power of disposal expressly given, with a proviso, that the remainder, after her decease, should go to his son, was held by the Supreme Court of the United States to be inoperative as to the power of sale, that the wife took a life estate only, and the son a vested remainder. C. J. Marshall delivered the opinion of the court, and used this language : "These words give the remainder of the estate, after his wife's decease, to the son, with as much clearness as the preceding words give the whole estate to the wife." "The limitation in remainder shows that in the opinion of the testator, the previous words had given only an estate for life."

The position of the court in that case was that the words "the remainder after her decease" qualified and limited the estate personally given, while here it is contended that they enlarge an express life estate into an absolute fee simple estate, or, at least, give an absolute power of sale. *Smith v. Bell* was followed by the Supreme Court of

the United States in the recent case of *Brant v. Va. Coal & Iron Co.*, 93 U. S. 332. But without committing ourselves to the extreme doctrine announced in those cases; (in fact the contrary has been held by this court in *Owen v. Ellis*, 64 Mo. 77; *Campbell v. Johnson*, 65 Mo. 439, and *Owen v. Switzer*, 50 Mo. 322,) we think they meet and answer the extreme views urged here, which find support in the adjudications of the highly respectable courts of Maine and Massachusetts.

It is a question of intention, and the intention of the testator, to be ascertained by taking and construing all parts of the will together, controls in its construction. It is on this ground that the devise of an estate without limitation, accompanied with a personal charge upon the devisee gives him a fee.

That the clause of the will in question here did not confer a power of sale upon the widow, has been determined in this State, we think, in the case of *Gregory v. Cowgill*, 19 Mo. 415, where the testator devised all of his estate, both real and personal, to his widow, to have and hold during her lifetime, except one slave, whom he emancipated. To his nephew, J. H. Gregory, by another clause of the will, he devised all that might remain of his estate, both real and personal, after the death of his wife, forever. The court held that no express estate for life was given to the widow, and that " if the word ' remain' was sufficient to raise a power of disposition in the devisee for life, there were words in the will enough to give it an effect without applying it to the real estate. Some of the property was of a perishable nature, and some of it would be consumed in the use; it was not, therefore, designed that such portions should be accounted for to the remainder-man." There the words " all that might remain of his estate," related as well to the real, as the personal estate, by the express language of the will. Here, it would not be a violent construction of the clause of the will in question to hold that the words " what then remains," relate only to the per-

sonalty. In fact, such we take to be its meaning. In the same clause he gave all his real and personal estate to his wife during her natural life or widowhood, and what then remains to his children. The words "what remains" do not necessarily relate to the real estate, and as was remarked by Judge Scott in *Gregory v. Cowgill*, there are other words in the will sufficient to give effect to those words, without applying them to the real estate. This identical question was before the supreme court of Illinois, in *Siegwald v. Siegwald*, 37 Ill. 435, and decided in favor of the remainder-man ; and to the same effect is the recent case of *Green v. Hewitt*, 97 Ill. 113 ; *s. c.,* 12 Cent. L. Jour. 58.

That the deed of Mrs. Hunt to Abbott was intended by the grantor to convey the title in fee, we think clear, and also that the grantee purchased in good faith, and paid for the land its market value at the time. It is not so clear that the children of the testator, or their representatives, have received the benefit of the purchase money. Mrs. Hunt is still, or at the trial of the cause was, alive. She testified that there was ample money and personal estate of the testator to educate and support the children, without selling any of his land. In this statement she is corroborated by other witnesses, and there is no contradictory evidence in the record on that point. She also testified that the money received by her for the land was lent out by her, and, if there is any evidence to show that the children, or any of them, ever received any portion of it, we have failed to find it in the record. At the time of the sale they were not of an age to assent to or acquiesce in it. The estate had, at that time, suffered no impairment in the hands of Mrs. Hunt, nor has it since, so far as appears from the evidence.

*2. ESTOPPEL: equity.*

The deed from Mrs. Hunt conveyed her life estate. This she had a right to sell and convey, without reference to the doctrine announced in *Owen v. Ellis,* 64 Mo. 77, and *Campbell v. Johnson,* 65 Mo. 439. It was not the execution of a power, but the exercise of a

*3. ESTATE: deed.*

right of disposition of her own property, and her life estate in the land was all she had the right to dispose of, and nothing more passed by her deed to Abbott. The judgment for plaintiffs is affirmed. All the judges concur.