BOYER v. ALLEN *et al.*, *Plaintiffs in Error*.

1. **Wills**: POWER TO CONVEY. A will was as follows: "I will and bequeath to my wife all my real estate, to do with as she shall wish for her own use while she continues my widow. I will that she shall sell one lot," (describing it,) "and apply the proceeds to her own use." As to the lot so described, *Held*, (without deciding what estate the widow took in it,) that the power of sale vested in her carried with it the power to convey the fee.

2. **The Conveyance** in fee of a specific tract of land for a valuable consideration by a widow to whom her husband's will gave the

power so to convey, *Held*, effectual to pass the fee, although it contained no reference to the will or the power; and although the will gave her the use of all the testator's real estate during widowhood.

*Error to Scotland Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

REVERSED.

*William T. Kays* for plaintiff in error.

NORTON, J.—The only question presented by the record in this case for our determination, is whether the title to the southeast quarter of the southeast quarter of section 21, township 65, range 11, in Scotland county, is vested in plaintiffs or in defendant Thompson Walker. It is conceded that this land was owned by Elzy Boyer, who died intestate in 1867, and plaintiffs claim that under his will they are the owners of said land, and ask that it be sold for partition and division among them according to the terms of the will. Defendant Walker claims that the land belongs to him by virtue of a deed of general warranty executed in 1869 by Rebecca Boyer, widow of said Elzy Boyer, deceased, conveying said land to one William Walker, who subsequently conveyed it to defendant, Thompson Walker. It is affirmed by defendant, Walker, that under the will of said Boyer, deceased, first, that Rebecca Boyer was invested with the fee in the land conveyed by her to William Walker, and second, that if she did not take the fee under the will, she was invested by it with the power to sell the particular tract of land in controversy and pass the fee, and that the deed executed in 1869 conveying said land in fee to said Thompson Walker, although it contained no reference to the power, was effectual to pass the absolute title. The extent of the estate acquired by Mrs. Boyer under the will, and the extent of the power conferred upon her by it, is, so far as it concerns the land in controversy, to be found in the following provision of said

will, viz : " I will and bequeath to my wife, Rebecca Boyer, all my real estate that I am in possession of at this time, to do with as she shall wish for her own use while she continues my widow. I will that my wife Rebecca shall sell one lot of ground containing thirty-nine acres and one-half lying in section 21, township 65, range 11, and apply the proceeds to her own use." It is admitted by the pleadings that the tract of land in controversy conveyed by Rebecca Boyer to William Walker, is the same land referred to in the above clause of the will, and two questions arise under said clause, first, did it give to Mrs. Boyer a widowhood estate, only, or a fee simple estate ; second, did it confer upon her the power to sell the absolute estate in the particular tract specified.

Waiving the question as to the extent of the estate which the will passed to Mrs. Boyer in the land in dispute, we proceed to the consideration of the second question, viz : did the will invest.her with the power to sell the specified tract and pass the fee? We think this question must be answered in the affirmative. The record discloses the fact that said Elzy Boyer died possessed of several tracts of land of which the tract in controversy was one; and the above clause of the will discloses, as we think, an intention on the part of the testator that his wife should have the use of all his land during her widowhood, with the power to sell the particular tract designated in said clause for her own use absolutely. The power to sell carried with it the right to convey, and the estate she was empowered to sell was the absolute estate, and we think this is so, because she would have had the right to sell her widowhood estate irrespective of any power given by the will, and we think it clear that the intention of the testator in conferring the power as to the specific land mentioned was to bestow upon her a right which she would not have had without such power being given.

It is insisted by plaintiffs that, notwithstanding the fact that the said land was sold by Mrs. Boyer to William

Walker for its value, viz: $600, and notwithstanding the fact that the deed executed by her conveyed the fee, the deed was insufficient to pass the fee because it did not refer to the power given by the will. This position is not well taken, and in this respect the case at bar is on all-fours with the case of *Campbell v. Johnson*, 65 Mo. 439, in which it was held that a conveyance in fee of land for a valuable consideration is a good execution of a power to convey given to a tenant for life, though the conveyance contains no reference whatever to the will or the power. The trial court erred in adjudging that the land in question belonged to plaintiffs, when the judgment should have been in favor of defendant Thompson Walker. Judgment reversed and cause remanded, to be proceeded with according to this opinion, in which all concur.