# CASES DETERMINED

### IN THE

# ST. LOUIS AND THE KANSAS CITY COURTS OF APPEALS.

## OCTOBER TERM, 1886.

GEORGE A. DRUMHELER, Respondent, v. JOHN S. HAFF, Appellant.

### St. Louis Court of Appeals, October 26, 1886.

1. EQUITY—WILLS—TRUSTS AND POWERS.—Under a will which pro-vides for the payment, many years thereafter, with accumulated interest, of a small legacy out of the proceeds of the real estate devised to the executors, residue to the executors and others, the executors take an estate with power to convey, for the above purposes.

2. ——— BEQUESTS NOT A CHARGE UPON THE LANDS, WHEN.—In such a case, where the executors convey for a full consideration, they will be held to have executed this power; irrespective of whether the deed so recites, and the grantee takes the land discharged of the legacy.

3. ——— APPLICATION OF TRUST FUND.—The executors in such a case being trustees for certain purposes which require time, discretion, and deliberation, the purchaser is not bound to see that the purchase money is properly applied.

4. ——— LEGATEE'S REMEDY.—The legatee's remedy in such a case, where the legacy has not been paid, is against the executors and not against the land.

APPEAL from the Pike County Circuit Court, ELIJAH ROBINSON, Judge.

*Reversed and judgment.*

W. H. MORROW, for the appellant: The purchaser of the land took it discharged of the trust. 2 Story Eq. Jur., sect. 1127; *Clark v. Hosenthall*, 47 Miss. 434; *Elliott v. Merryman*, Barnard Ch. R. 78; *Foster v. Craig*, 2 Dev. & Bat. 209. The trust in this case is both for the payment of debts and the plaintiff's legacy, a mixed trust, and the purchaser of the realty is not bound to see to the application of the purchase money. *Shaw v. Borror*, 1 Keen R. 559, 574 to 576; 2 Story's Eq. Jur., sect. 1132, p. 473, *et seq.* The "certain sum" mentioned in the will was not to be paid to the plaintiff, it was "to be set apart" to be applied by the executors to a certain purpose, to accumulate interest, and required on their part time, deliberation, and discretion, in the exercise of their capacity as trustees of a special fund. 2 Story's. Eq. Jur., sect. 1134, p. 475; *Wormley v. Wormley*, 8 Wheaton R. 442-3.

EDWARD T. SMITH, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

Jane Myers made her will containing the following provisions:

"1st. It is my wish that all my just and legal debts be paid by my executors. 2nd. It is my wish that at my decease a certain sum be set apart from the rest of my estate and to be given to George A. Drumheler, only son of Elizabeth A. Drumheler, at the age of twenty-one years; said sum, together with accumulated interest, shall not exceed four hundred dollars at his age of twenty-one years. 3rd. It is my wish that my real estate, after the above mentioned deduction, be equally divided between J. G., A. M., O. A., and Jas. O. Myers; my personal property divided between A. M., O. A., and Jas. O. Myers. 4th. It is my wish that my

will and testament be recorded in the clerk's office, according to law, and my business be not taken to court or recorded, according to law, and I wish my executors to carry out the designs of my will without any of the qualifications of law. 5th. It is my wish that John G., Ovid A., and James O. Myers, be my executors."

The will bore date July 18, 1866, and the testatrix died during that month. The executors, who were the joint devisees of the real estate with A. M. Myers, never set apart any sum under the second clause of this will. They conveyed part of the land devised to them, September 9, 1867, with statutory covenants of warranty for its full market value, to one Gillum, under whom the defendant claims, and subsequently conveyed the residue of the lands to James O. Myers, one of the devisees.

It is conceded that the will was duly recorded, and that all the parties had timely constructive notice of its provisions. At what time the legatee, Drumheler, arrived at the age of twenty-one, does not distinctly appear, either by the pleadings or the evidence. It does appear that one hundred and twenty-five dollars of the legacy was paid to him by James O. Myers, one of the devisees and executors, and that the residue remains unpaid. It may fairly be inferred, however, as against the legatee, that he did not arrive at age prior to the year 1884, when he instituted this suit, to charge the lands conveyed to the defendant as above stated, with two hundred and seventy-five dollars, the residue of the legacy remaining unpaid, with interest, from March 1, 1884.

Upon this showing the trial court made a decree, subjecting the land in the defendant's hands with the payment of $310.42, part and parcel of the legacy thus bequeathed.

This decree could not be permitted to stand, because, aside of other objections, there is no evidence in the record to furnish a basis for the computation of interest on that portion of the legacy which remains unpaid, the

exact time when the legatee arrived at the age of twenty-one nowhere appearing, but there are other and more serious objections to its validity, which go to the very foundation of the action.

The testatrix died in July, 1866, when the legatee, Drumheler, was three or four years of age. The sum to be raised by sale of the real estate, or part thereof, was not a definite sum, but one which, with accumulated interest for a period of seventeen or eighteen years, would amount to four hundred dollars. It follows from this that it was not the intention of the testatrix to charge the lands with the payment of any definite sum, as in the very nature of things the sum that would realize with accumulated interest, in seventeen years or more, a sum equal to the proposed bounty of the testatrix, could not be measured by any fixed standard. Even in cases where the trusts are defined, and the money is to be applied by the trustees to certain purposes which require on their part time, deliberation, and discretion, the purchaser is not bound to see to the due application of the purchase money. 2 Story's Eq. Jur. 1134; 2 Sugd. on Vend., 8 Am. Ed., m. p. 659; *Balfour v. Welland*, 16 Ves. 155, 156; Rev. Stat., sect. 3937. How then can it be held in this case, that the purchaser under whom the defendant claims, who bought the land within a year after the decease of the testatrix, and more than seventeen years prior to the date fixed for the payment of the legacy, was to see to it that the trustees not only invested a sufficient amount of the fund realized to yield, with accumulated interest, four hundred dollars in seventeen years, but also to see to it that they paid that sum, with accumulated interest, seventeen years thereafter, to the legatee.

Giving to the second clause of the will the only rational construction that it will admit of, and we find that the testatrix devised her real estate to her executors, with a power to dispose of the same for the pur-

pose of raising a sum sufficient to constitute this legacy, and devising the residue to them and one other devisee.

When the executors disposed, by conveyance, of a sufficient part of this estate to provide for the legacy, they are held, in the absence of positive evidence furnished by the deed itself, to the contrary, to have acted in the exercise of this power, as the fact that no reference is made to the power in the deed itself is, under the rule established in *Campbell v. Johnson*, 65 Mo. 439, immaterial. Such power to convey is necessarily a power to convey an absolute title. Any contrary holding would lead to the untenable proposition, that the executors had power to convey land for the purpose of raising a certain sum of money, which sum, after the conveyance, remained a charge upon the land conveyed.

It results from the foregoing that the decree must be vacated. The complainant's remedy is against the trustees and not against the land. As no useful purpose can be subserved by remanding the cause, it will not be remanded. It is ordered that the judgment be reversed and judgment entered for the defendant in this court. All the judges concur.