## LANIGAN  V.  SWEANY.

Decided April 26, 1890.

1.  *Deed—Rule of construction—Intent.*

The question as to what estate a deed of land was intended to convey
must be determined by the intent of the parties, to be ascertained from
the contents of the deed and the relations of the grantor to the prop-
erty affected.

2.  *Assignment of mortgage—Legal title.*

The assignment by a mortgagee of his interest in a mortgage on realty,
without proper words of grant, will convey, not the mortgagee's legal
title, but only an equitable interest in the land.

3.  *Mortgage with power of sale—Construction of assignee's deed.*

Where the deed of an assignee of an equitable interest under a mortgage
containing a power in the mortgagee and his assigns "to sell the prem-
ises either at public or at private sale and to convey the same to the
purchaser in fee simple absolute," purported to convey the fee simple
without reference either to the mortgage or to the power therein, the
conveyance will be construed to take effect under the power, since that
construction alone will give full effect to the instrument.

APPEAL from *Sebastian* Circuit Court in Chancery, Fort
Smith District.

GEORGE A. GRACE, Special Judge.

*J. M. Moore* for appellants.

Contended: 1. That the deed executed by Dell was an efficient means of executing the power contained in the mortgage, if such was the intent. 2. That the intent to execute the power may be manifested, and will be presumed, when the instrument cannot have full operation and effect otherwise than as an execution of the power. 3. That the estate conveyed and the convenants contained in the deed were not supported by, and were not consistent with, any *interest* which Dell had in the property and could only be fed by the power. 4. That all the parties connected with the transaction understood and treated it as a conveyance of the estate and not as an assignment of the debt, and, 5. That the deed was not the usual, appropriate or efficient means of assigning the debt. 1 DeG. & J., 535; Jones on Mortg., secs. 826, 1785-87; Sugden on Powers, ch. 6, sec. 8; 1 Story, 445; 33 N. Y., 387; 109 U. S., 357; 2 Sugd., Powers (7th Lond. ed.), 412; 92 Ill., 515; 98 U. S., 315; 8 Stew. (N. J.), 376; 33 N. Y., 383; 82 Ala., 596; 60 Miss., 329; 56 Miss., 216; 65 Mo., 439; 35 N. J. Eq., 376; 7 Allen, 397; 55 Md., 301; Farwell on Powers, 156, par. 26, 157, 211, 212.

Mere inadequacy of price, unconnected with fraud, would not vitiate the sale. 47 Ark., 518; DeG. & J., 535.

*Joseph M. Hill* for appellee.

The deed from Dell to Lanigan operated only as an assigment of the mortgage, and not as an execution of the power of sale, and Lanigan took not the fee simple, but only a mortgage estate in the property. Reviews the authorities cited by appellants' counsel, and cites to support his contention: 49 Mo., 124; 13 Gray (Mass.), 506; 14 Pick., 374; 43 Mich., 45; 64 Pa. St., 349; 3 Johns., Ch., 551; Kent's Com., vol. 4, p. 334; 51 Me., 121; 12 Wis., 639; 14 Wis., 213; 18 Pa. St., 265; 9 Iowa, 163; 15 Pick. (Mass.), 82; 14 N. W. (Minn. case), 889; 56 Miss., 753; 55 Mo., 473.

53 Mo., 147; 17 Atl. Rep., 164; Perry on Trusts (4th ed. 1889), secs. 511 *b* and 511 *c*; Washburne on Real Property, sec. 333, star page 326; Jones·on Mortgages, secs. 812, 1678 and 1902; 1 Sugden on Powers, 432.

The legal, proper and regular manner of assigning a mortgage is by deed. 22 Tex., 478; 7 Blackf. (Ind.), 210; 12 Gray (Mass.), 53; 15 Mass., 233; 51 Me., 121; Jones, Mortg., sec. 787.

HEMINGWAY, J. This is a bill on the part of the plaintiffs, as the heirs at law of Pat Sweany, to redeem lands mortgaged by him in his life-time, and which it is alleged the appellees hold as assignees of the mortgage. The appellees allege that they acquired the land by purchase under the power of sale contained in the mortgage, and deny that they hold as mortgagees.

The mortgage was executed to Harriet A. Cabell as security for a note payable to her order eight months after date thereof; and it contained the provision, that if default should be made in the payment of the note, "the said Harriet A. Cabell, her executors, administrators or assigns, should have power to sell the premises either at public or at private sale, and convey the same to the purchaser in fee· simple absolute."

The mortgagor died, and the note was not paid. Subsequently Harriet Cabell assigned the mortgage and note to one V. Dell, entering the assignment of the mortgage on the copy of it in the office of the recorder of deeds. Dell held the mortgage and note until October 4, 1879; on that day he executed a deed of conveyance in usual form with covenants of seisin and warranty of title, purporting to convey the land to the defendant, Ed Lanigan, for the consideration of $100.00. This deed contained no reference to the mortgage or the power of sale therein contained; and it does not appear that the note was assigned or delivered to Lanigan.

The effect of that deed is the only question for our consideration; the plaintiffs contend that its only effect was to convey Dell's interest as a mortgagee, while the appellees contend that it was an execution of the power of sale in the mortgage, and passed the title formerly held by Pat Sweany.

1. Deed—Rule construction—Intent.

The question must be determined by the intent of the parties, to be ascertained from the contents of the deed and the relations of the grantor to the property affected. 1 Sugden on Powers, *p. 421.

The instrument itself is unambiguous, and manifests an intent on the part of the grantor to convey a perfect estate in fee simple absolute. Now, in view of the relation of the grantor to the land conveyed, is the deed consistent with any other intent?

It is not the usual, direct or simple means of assigning a note secured by mortgage; that such an instrument executed by one who had a lien, but not an estate, in the land might be construed as transferring the lien, is true; but this effect would be given, because it could not operate to convey an estate, and it would be presumed that the grantor intended his act to be effective. Still, this is a result reached by construction and not as the usual and natural significance of the thing done.

2. Assignment of mortgage—Legal title.

If it be said that the grantor intended to convey his legal estate as mortgagee, the difficulty is met that the legal estate was not in the grantor. It had been conveyed by deed to Harriet Cabell and there rested, but that instrument vested the power in Harriet Cabell, her executors, administrators or assigns to convey the land in fee simple. So, if Dell intended to pass the legal estate, he could do so under the power in the mortgage; but could he do so by virtue of his interest as the assignee of the mortgage? Although it is well settled that the assignment carried to the assignee the right to the security, which he might enforce, it is equally well settled that he cannot convey a legal title in the lands

simply by virtue of his interest, for the reason that he had none to convey.  The assignment contained no words of grant, and was lacking in the essential elements of a conveyance to pass legal title.  *Cottrell v. Adams*, 2 Biss., 351; *Edgerton v. Young*, 43 Ill., 464; *Jordan v. Cheney*, 74 Me., 359; *Williams v. Teachey*, 85 N. C., 402; *Warden v. Adams*, 15 Mass., 233; *Adams v. Parker*, 12 Gray, 53; 1 Jones on Mortgages, sec. 787.

Whether a conveyance containing no reference to a power should be construed as an execution of the power, or as a conveyance of the grantor's estate, has been often submitted to the courts in this country and in England.  The rule which controls courts in such cases is now well established and clearly defined, and there is exceptional unanimity and harmony in judicial utterance upon the subject.  The rule as first announced in England was, that if such a conveyance would have no effect at all without reference to the power, it would be referred to the power, but if it would have some effect, though not all expressed on its face, it should be referred to the grantor's interest.  But the rule is much more liberal under subsequent adjudications, and it is now generally, if not universally held, that if such a conveyance would have some effect if referred to an interest, but would not have full effect without reference to a power, it should have effect by virtue of the power.  This seems reasonable and right, for the grantor is understood in equity to engage with his grantee to make his conveyance as effectual as he has power to make it, and it should be assumed that he acted by virtue of whatsoever right enabled him to discharge his full undertaking, and his act will be so referred.

We deem an examination and review of the authorities in this opinion unnecessary.  Sir Edward Sugden, after a review of the cases, announces a conclusion which we believe correct; he says: ''an intent apparent upon the face of an instrument to dispose of all the estate would be deemed a

*Margin note:* 3. Mortgage with power of sale — Construction of deed of assignee.

sufficient reference to the power to make the instrument operate as an execution of it in as much as the words of the instrument cannot otherwise be satisfied.''

If any would investigate the subject further we would refer to the discussion of the question by Sir Edward Sugden and the cases below:   1 Sugden on Powers, *p. 412-22; *Campbell v. Johnson*, 65 Mo.,  439; *Warner v. Conn. Mut. Ins. Co.*, 109 U. S., 357; *Funk v. Eggleston*, 92 Ill., 515; *Blagge v. Miles*, 1 Story, 445-50.

The attorney for appellees cites us to the  case of *Pease v. Pilot Knob Iron Co.*, 49 Mo., 124, as sustaining a different view in a case  very  similar  to this.   The conclusion reached in that case is favorable to his contention, but in our judgment the opinion fails to support it.   It rests upon no reason which would entitle it to much  persuasive  force  with us, and it loses what it might possess  because the court that delivered it has since then overruled its  former opinions  and approved the rule above  stated.   *Campbell v. Johnson, supra.*

If the deed from Dell is given effect  by  reference to  his interest, the grantee therein acquires a chose in action with a mortgage on the land to  secure it;  that  materially curtails the effect of the deed.   If it is  referred  to  the  power, the grantee acquires an estate in fee simple, and  has  effect according to its terms and  tenor;  and  we  must  conclude that such was the intent of the parties.    That it was sold at a great sacrifice may be true;  but it does not appear  that it was attended by bad faith or willful misconduct.

As Lanigan acquired title by  the  conveyance  from Dell, it is unnecessary for us to consider the other questions raised upon the argument.

The judgment will be reversed, and the cause dismissed.