## POLK *v.* SIMON.

Opinion delivered March 20, 1897.

DEED—CONSTRUCTION—PROPERTY CONVEYED.—Where the owner of a dower interest in land is also assignee of a decree foreclosing a mortgage of the land, a mortgage by her of "all her right, title and interest" in the land does not operate as an assignment of the decree, since, by the assignment thereof to her, she acquired no estate in the land, but merely the debt secured by the mortgage and the right to foreclose it, which she could transfer only by assignment of the decree.

Appeal from Clay Circuit Court, Western District, in Chancery.

L. L. MACK, Special Judge.

*G. B. Oliver* for appellants.

1.   A widow cannot transfer her dower before it has been assigned, so as to confer on her vendee a right of action for the dower interest.   21 Ark. 62; 31 *id.* 334; 30 *id.* 775.

2.   The execution of the mortgage to "all my right title and interest in and to" the land did not assign the judgment she held against the land.

3.   The heirs of Hardesty should have been made parties.

*J. Simon pro se.*

1.   Mrs. Miller had a right to mortgage her dower interest, even before it was assigned.   Jones on Mort. (5 Ed.) sec. 136; 119 N. Y. 324; 24 N. E. Rep. 177; 34 S. W. Rep. 256.

2.   The judgment was not a personal judgment, but simply a decree of foreclosure of a mortgage, and is a lien on and interest in the land, and subject to the mortgage.   The mortgage operated as an assignment.   Black, Judgments, sec. 947.

3.   The non-joinder of parties must be objected to by demurrer or answer. Jones on Mort. (5 Ed.) sec. 1410.

BATTLE, J.   Mary E. Miller was the owner of a dower interest in certain lands which had never been assigned.   The plaintiff alleges in his complaint on file in this action that she was also the owner of a judgment against the same land, and gives no other description. W. D. Polk, one of the defendants, admits in his answer that he is the owner of said judgment, and that he purchased it from Mrs. Miller.   She, also, being a defendant, admits that she had a judgment against the land, but had sold and assigned it.   No other description of the judgment is given in the pleadings or evidence.   In the decree in this action it is described as "a judgment of foreclosure of the equity of redemption of the heirs

of J. H. Hardesty, deceased, to" said land recovered by
Sheeks Stephens Store Company in the circuit court for
the western district of Clay county, on the 9th day of
January, 1891, and assigned by it to Mary E. Miller.
After the acquisition of the dower interest and the judg-
ment, she was indebted to the plaintiff, J. Simon, and,
in order to secure the same, executed to him a mortgage
in which the property conveyed was described as follows:
"All my right, title, and interest in 40 feet off of the
north side, the entire length of lot 20 in block 22 in the
town of Corning;" it being the land before mentioned.
No mention of the judgment was or is made in the
mortgage. The assignment of the judgment to Polk
was made after the mortgage was acknowledged and
recorded. This action was brought by Simon against
Mrs. Miller and Polk to purchase the mortgage. In the
prayer of the complaint the court was asked to subject
Mrs. Miller's judgment interest in the land to the pay-
ment of the debt secured by the mortgage in the event
her dower interest was not sufficient for that purpose.
Upon the hearing, the court found that Mrs. Miller, by
virtue of the assignment of the judgment to her, become
vested with an equitable estate in the land, which was
susceptible of a conveyance, and that she conveyed this
interest to plaintiff by the mortgage; and decreed accord-
ingly.

Did the court err in its findings? In this state a
mortgage on realty is a conveyance of an estate in lands
and a security for a debt. We have held that an assign-
ment of such mortgage, without words of grant, will
not convey the mortgagee's legal title, but only an
equitable interest in the land (*Lanigan* v. *Sweany*, 53
Ark. 185), which is only a right to hold the land as a
security for the payment of the mortgage debt. With-
out the legal estate, the assignee stands in the attitude
of the mortgagee in those states in which it is held that

he is not vested by his mortgage on real estate with any estate in the land except such as is necessary for the realization of the debt due to him; that is to say, the land stands as a mere security for the debt, and subsists as an estate only to the extent that it is subservient to such purpose. In the states in which it is so held, the mortgage is an incident of the debt, and cannot be assigned separately; and it is held that any assignment of the mortgage interest in the lands, without the debt, is a nullity. *Purdy* v. *Huntington*, 42 N. Y. 334, 346, and cases cited.

In Iowa a mortgage conveys no interest or estate in the land covered thereby. In *Swan* v. *Yaple*, 35 Iowa, 248, it is held that a deed made by the holder of the mortgage conveying all his "estate, title and interest" in the real estate mortgaged will not operate as an assignment of the mortgage, nor pass any interest in the land to the purchaser. This is a logical sequence of the rule that a mortgage on realty conveys no interest or estate in the land, and is only a security.

The rule stated applies to all cases where the mortgage on real estate is a mere security. It applies to the facts in this case. Here Mrs. Miller had only an assignment of a decree foreclosing a mortgage. She acquired no interest or estate in the land by the assignment, but only the debt secured by the mortgage and the right to foreclose it under the decree. She could only hold the land as a security. This interest she could not convey, except by an assignment of the decree; and she did not attempt it. She could not convey the legal estate vested in the mortgagee, for she did not have it. She did have a dower interest in the land, and that is all the interest she mortgaged. 1 Jones, Mortgages (5th Ed.), sec. 136; *Weaver* v. *Rush*, 62 Ark. 51.

The decree of the circuit court, to the extent it affects the assignment of the decree of foreclosure to

Mrs. Miller, is therefore reversed, and in other respects is affirmed, and the cause is remanded for proceedings consistent with this opinion.

BUNN, C. J., and RIDDICK, J., dissent.