CHARLES LAWRENCE, Jr., and others
*vs.*
MERRILL S. BUCK and others.

*Lost goods—finder's title.*

Lost goods; as against all persons but the original owner and those deriving title from him, belong to the first finder who does such acts as indicate an intention to take possession of them.

ON REPORT.

REPLEVIN of a chain cable, to which both parties claimed the title by having found it in the Kennebec river, near the dam, in July, 1870. When the plaintiffs discovered it, the chain lay coiled up in a little pile near a place which is dry when the dam is out, as it then was, the end of the cable running off toward the dam, in water about a foot or eighteen inches deep. They hauled out about sixty feet of the chain upon some logs that were grounded and out of water there, the end being fast under water. As it was then growing dark they left for the night, and when they returned for it the next morning it had been removed by the defendants, who claimed that they found the chain and coiled it up, in the manner before described, having dragged it into shoal water

for that purpose, and unfastened the end that was round a cedar buoy in the dam, several days before the plaintiffs saw it; that while the defendants were trying to remove the gravel in which a portion of the chain was embedded, they were called away to their work on the railroad bridge. Soon after, they borrowed a rope and blocks at the railroad shop and went to draw out the chain. They found that in the meantime, somebody had taken out of the water the end they had coiled up, and drawn it out upon the logs. The defendants attached their tackle, drew out the chain, and carried it to the railroad shop, where it was when replevied.

*A. Libbey*, for the plaintiffs.

*E. F. Pillsbury*, for the defendants.

DANFORTH, J. This action is replevin of a chain cable which the evidence shows to have been lost by the original owners. Such property belongs to the first finder as against all persons but the loser. The testimony in this case clearly shows that the defendants were the first finders, and (if it were necessary) that, before the finding of the plaintiffs, they had taken possession by such acts of ownership as the nature and condition of the property, under the circumstances, allowed; and further, that from the first they had no intention to abandon. It further appears that the first complete possession by entire removal from the place where the property was found was in the defendants.

There is no testimony in the case upon which to base a judgment for damages occasioned by its detention, and only nominal damages can be awarded, and an order that the cable be restored to the defendants. *Judgment for a return.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and VIRGIN, JJ., concurred.