ELLA F. KEITH *vs.* ROBERT E. MAGUIRE.

Suffolk.   December 16, 1897. — January 8, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Lien for Storage of Goods — Notice — Owner — Statute.*

Where a husband places his wife's goods together with his own in his name, with her full knowledge and approval, in the custody of a third person who does not know that the wife has any interest therein, her contention that she is entitled to notice of a petition by the third person for an order for the sale of the goods, under Pub. Sts. c. 192, §§ 24, 25, cannot avail.

REPLEVIN of certain articles of furniture. Trial in the Superior Court, without a jury, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows.

The plaintiff was the wife of John W. Keith, and was the owner of the goods in question. In June, 1893, these goods, and certain other goods belonging to her husband, were taken by him, with her knowledge and approval, to a storage warehouse of one Swain, in Boston, and were there stored in the husband's name with her knowledge and approval, under a contract with Swain to pay five dollars per month. Swain believed during all the time that the goods were in his storage warehouse that they belonged to the plaintiff's husband. The storage continued for about two years and nine months, and no payment was made therefor except the sum of fifteen dollars. In February, 1896, Swain gave to the plaintiff's husband a written demand of payment of the amount due for storage, and after the expiration of sixty days, payment in the mean time not having been made, filed in the Municipal Court of the city of Boston a petition for an order for the sale of all the goods in satisfaction of the debt due to him for such storage, in which petition it was alleged that the said John W. Keith was the owner of the goods. John W. Keith was notified to appear and did appear in the action, and the Municipal Court made an order for the sale of the goods for the satisfaction of the debt due to Swain, and for which debt the court found that he had a lien upon the goods. The order was directed to the sheriff of the county of Suffolk, and his deputies, and was committed to the defendant for execution, and the defendant took thereon the goods from the storage warehouse, and caused the same to be advertised for sale at public auction in accordance with the order. While the goods were in the possession of the defendant, and before the time fixed for their sale, the plaintiff replevied them.

The only ground upon which the plaintiff claimed the right to maintain the action was that no notice was given to her to appear in the action in the Municipal Court; and it was admitted by the defendant that no such notice was given.

The judge found for the defendant, and assessed damages in the sum of one dollar; and the plaintiff alleged exceptions. If

the finding was erroneous, judgment was to be entered for the plaintiff, with damages in the sum of one dollar; otherwise, judgment for the defendant upon the finding.

*E. M. Johnson*, for the plaintiff.

*F. N. Nay*, for the defendant.

LATHROP, J.   The only ground upon which the plaintiff contends that she can maintain this action is that no notice was given to her to appear in the proceeding for a sale of the goods under the Pub. Sts. c. 192, § 25.   This section provides for a notice to the " owner " of the goods, and her contention is that although her husband stored his and her goods in his name with her full knowledge and approval, still, as she was the owner of some of the goods, she was entitled to notice.   We are of opinion that this contention is not tenable.

The word " owner " is not a technical term.   It is not confined to the person who has the absolute right in a chattel, but also applies to the person who has the possession and control of it.   Thus it has been said in this Commonwealth, in *Hartford* v. *Brady*, 114 Mass. 466, 470, a case under the Gen. Sts. c. 25, § 25, (Pub. Sts. c. 36, § 27,) by which the owner of cattle is made liable for injury done by them : " The word ' owner ' is intended to include the person in whom is the general property in the animals, while it embraces also those who are in possession of them under a special title, or by virtue of any lien."   See also *Wisconsin River Log Driving Association* v. *Comstock Lumber Co.* 72 Wis. 464 ; *Hughes* v. *Sutherland*, 7 Q. B. D. 160 ; *The Queen* v. *St. Marylebone*, 20 Q. B. D. 415 ; *Lewis* v. *Arnold*, L. R. 10 Q. B. 245 ; *Dawson* v. *Midland Railway*, L. R. 8 Ex. 8.

There are other cases where the word " owner " has been held to mean the person in possession and control, and not to include the absolute owner.   *Camp* v. *Rogers*, 44 Conn. 291.   *Caudwell* v. *Hanson*, L. R. 7 Q. B. 55.   *Meiklereid* v. *West*, 1 Q. B. D. 428.

Section 24 of the Pub. Sts. c. 192, provides : " Whoever has a lien . . . for money due to him on account of work and labor, care and diligence, or money expended on or about personal property by reason of any contract express or implied, if such money is not paid within sixty days after a demand in writing delivered to the debtor, or left at his usual place of abode, if within this Commonwealth, or made by letter addressed to him

at his usual place of abode without the Commonwealth, and deposited in the post office to be sent to him, may apply by petition" to certain courts named, "for an order for the sale of the property in satisfaction of the debt."

Section 25, providing for the order of notice to the "owner," must be construed in connection with § 24; and we are of opinion that where a person, by the consent of the owner of goods, stores them with a third person as his own, by a contract express or implied, and this third person does not know that any one else is the real owner, it is enough to give the notice required by § 25 to the person with whom the contract is made.

*Judgment for the defendant.*