LINCOLN JOINT STOCK LAND BANK of Lincoln, Nebraska, Appellee, v. ROY L. BROWN et al., Appellants.

No. 42718.

FEBRUARY 20, 1935.

C. H. Miller, for appellants.

Frank A. Peterson and Henderson & Wilson, for appellee.

RICHARDS, J.—■ Appellee brought this action to foreclose a real estate mortgage executed by appellants. There was a decree of foreclosure and a special execution sale. Thereafter, under the provisions of chapter 179 of the Acts of the Forty-fifth General Assembly, appellants filed an application that the court order that no sheriff's deed issue until March 1, 1935. To this application appellee filed a resistance, objecting on the ground that appellant Roy L. Brown was not the owner of the mortgaged premises sold on special execution and not entitled to the relief of said chapter 179. As facts sustaining the ground of objection it was alleged, in the resistance, that prior to filing his application the appellant Brown had been adjudged a bankrupt and his trustee in bankruptcy had sold the equity of redemption of the mortgaged land. Upon a hearing on the application and the resistance, the district court found that the application should not be allowed, on account of the above-mentioned objections set out in the resistance, and ordered that the application of appellants be denied, from which appellants have taken this appeal.

Appellants base their appeal on the proposition that they were in fact the owners of the mortgaged land and that the court below erred in denying appellants' application on the ground, as found by the court, that the appellants were not such owners. To sustain this argument for reversal the appellants maintain that the sale of the equity of redemption by the trustee in bankruptcy was void and an absolute nullity, because there was included the appellants' homestead in the lands sold by the trustee.

The materiality of this question of ownership arises from the fact that chapter 179 of Acts of the Forty-fifth General Assembly extends to the owner of the real estate, and to no other person, the right to apply for an order setting ahead to March 1, 1935, the time for issuance of the sheriff's deed. See Prudential Ins. Co. v. Claassen, 217 Iowa 1076, 252 N. W. 553, and Equitable Life Assur. Soc. of U. S. v. Kramer, 218 Iowa 80, 253 N. W. 809. Appellants were such owners, as contemplated by these statutes, until appellant owner, Roy L. Brown, availed himself of the provisions of the Bankruptcy Act enacted by Congress, which he did before the filing of and the hearing on his application now before us for consideration. Upon the adjudication in bankruptcy, the Federal court acquired jurisdiction to provide for the sale of the assets of the bankrupt through the trustee in bankruptcy, and such a sale was made

632

by the trustee of the equity of redemption of all the land previously sold by the sheriff under the special execution. Appellants' contention, on this appeal, that the inclusion of appellants' alleged homestead rendered the sale by the trustee in bankruptcy void and an absolute nullity, cannot be sustained on the record herein.

Whether appellants had any such homestead right was a matter for the determination of the Federal court after the adjudication in bankruptcy. So far as the record shows the appellants may have failed to claim or may have waived in the bankruptcy proceeding their alleged homestead rights, or if they claimed their homestead rights the Federal court may have found upon the facts that no such homestead rights existed. It requires no further discussion to make inevitable the conclusion that appellants seek to attack collaterally a proceeding had by the Federal court in a subject matter over which the said court had full and complete jurisdiction. The trial court from which this appeal comes properly considered the Federal court proceedings resulting in the sale of the land to be a verity.

We do not in this appeal consider statements of fact, made by counsel, in oral argument, relating to an alleged order of the Federal court, subsequent to the making of the order appealed from herein, pertaining to appellants' homestead rights. We are determining the matter as the situation was at the time of the order of the court below as shown by the record before us.

It follows that the order appealed from should be, and is, affirmed.

ANDERSON, C. J., and HAMILTON, POWERS, PARSONS, ALBERT, and DONEGAN, JJ., concur.