MRS. ALICE BARE, Appellee, v. J. S. COLE et al., Defendants, NORA F. COLE, Trustee, Garnishee, Appellant, F. T. METCALF, Administrator, et al., Intervenors, Appellants.

ANNIE E. TENER, Plaintiff, v. WALTER TENER, Defendant, NORA F. COLE, Guardian and Trustee, Appellant, MRS. ALICE BARE, Objector, Appellee.

No. 42784.

APRIL 2, 1935.

REHEARING DENIED SEPTEMBER 27, 1935.

L. D. Teter, and Watson & Watson, for appellants.

Vander Ploeg & Heer, for appellee.

RICHARDS, J.—The issues may be more readily stated by first reciting the following underlying facts: William M. Tener, Sr., died testate in December, 1919, survived by a widow and several children. One of these children, Walter Tener, was an incompetent. A portion of the will of this decedent was in the following words:

"I direct that the sum of Four thousand dollars ($4000.00) be set into a trust fund to be used for the care and benefit of my afflicted son, Walter Tener. I further direct that my daughter, Mrs. Nora Cole shall be appointed trustee of said fund, and that she shall continue as such trustee so long as she shall make a proper home for the said Walter Tener, with herself, and shall give him proper care. The fund shall be held under the direction of the Court and the interest derived from the loaning of the principal sum shall be applied in defraying the necessary and proper living expenses of the said Walter Tener. The principal sum of Four Thousand Dollars is to be kept intact until the death of the said Walter Tener, at which time all the funds in the hands of the said trustee, Nora Cole, shall be given to the said Nora Cole to be her own individual property as compensation for having assumed the obligation of making a home and giving proper care of the said Walter Tener. In case of the death of the said Nora Cole prior to that of my said son, Walter Tener, or should it become impossible for her to continue the obligation assumed then and in that event the said Nora Cole or her estate shall be paid whatever portion of the principal sum of Four Thousand Dollars as the court shall deem just and equitable and the balance of said funds shall be further continued in trust under the direction of the Court and the further care of the said Walter Tener and compensation therefor shall be conducted as the court may deem proper. The above shall constitute all the bequest that shall come from the funds of my estate to the said Walter Tener."

On August 27, 1920, the widow and children and the beneficiaries of William M. Tener, Sr., including Nora Cole, but excepting the incompetent beneficiary, Walter Tener, executed the following instrument:

"We, the undersigned surviving widow and children of William M. Tener, Sr., Deceased, and all beneficiaries under the terms and provisions of the Last Will and Testament of the said decedent, hereby authorize and direct the Executors of the said estate to pay over to Guardian of the person and property of Walter Tener the sum of Seven Thousand ($7,000.00) Dollars out of the gross proceeds of said estate. We do this for the purpose of increasing the amount bequeathed to the said Walter Tener by the terms of the said Will, believing, as we do, that the said Walter Tener should have as his own the said sum of $7,000.00 in order that he may be properly cared for and supported.

"And we hereby assign and set over to the said Walter Tener out of our portion and share of said estate a sufficient sum of the portion and share bequeathed unto us to make up the difference between the amount which said Will bequeaths to the said Walter Tener and the said $7000.00; and the said executors are hereby directed to pay over the said sum of $7000.00 to said Guardian and take the Voucher of said Guardian therefor."

On October 1, 1920, Nore Cole, one of the heirs and beneficiaries mentioned in the will, was appointed and qualified as guardian of the person and property of Walter Tener, incompetent, and as such guardian received from the executor of the estate of William M. Tener, Sr., pursuant to the above instrument of August 27, 1920, the sum of $7,000. This guardianship continued until the death of Walter Tener on July 16, 1930. The appellee, Mrs. Alice Bare, had obtained a judgment against Nora Cole in October, 1923, for $4,084 with interest and costs. Under a general execution, issued on this judgment, Nora Cole, trustee, was garnished on August 11, 1930, as a supposed debtor of Nora Cole in her personal capacity. Answers were filed, in the garnishment proceeding, by Nora Cole as trustee and guardian and by Nora Cole as the judgment debtor, alleging that by reason of the instrument of August 27, 1920, above set out, Nora Cole had renounced the provision in the said will giving her $4,000 at the death of Walter Tener and had agreed that the

said amount should be thereafter the absolute property of the incompetent Walter Tener, and that by reason thereof Nora Cole as trustee and guardian had in her hands no funds belonging to Nora Cole. The administrator of Walter Tener, and the widow and beneficiaries of William M. Tener, Sr., filed petitions of intervention, alleging the same matters set out in the answer of Nora Cole. These were the issues involved in the trial, of the garnishment proceedings.

On August 19, 1930, Nora Cole, as trustee and guardian of Walter Tener filed a final report asking that she be authorized to turn over all assets in her hands to the administrator of the estate of Walter Tener, deceased. Appellee, Alice Bare, filed objections to this final report claiming that she had acquired an interest, by reason of the garnishment proceedings, in such of said funds as belonged to Nora Cole, and this was the issue upon which were tried the objections to the final report.

Appellants say the court erred in entering judgment in the garnishment proceedings against Nora Cole as trustee in favor of the judgment creditor Alice Bare, because the instrument of August 27, 1920, effected a renunciation by Nora Cole of all her interest in the $4,000 given to her at the death of Walter Tener by the terms of the above will, and vested in Walter Tener the absolute title therein. Appellants say, that by reason of the foregoing, Nora Cole had no interest in said $4,000 that was reached by the garnishment. Appellants also say the court erred in sustaining the objections of Alice Bare to the final report of the guardian, because Alice Bare had acquired by the garnishment no interest in the funds in the hands of the guardian, on account of the execution of said instrument of August 27, 1920.

■■■ The decisive question on this appeal is whether, as appellants contend, Nora Cole, by executing the instrument of August 27, 1920, as one of the parties thereto, renounced her interest in the $4,000 bequest, and whether the instrument vested the absolute title to this money in Walter Tener. Appellants rely largely on the use of the words "as his own" in the second sentence of the instrument. They say that the use of these words, considered in connection with the entire instrument, established an intent to vest the absolute ownership in Walter Tener.

■■■ It is the thought of appellants that the word "own", as used, must of necessity indicate absolute ownership. The use

of the expression "his own" no doubt emphasizes or intensifies the idea of property, and peculiar or personal interest, in Walter Tener. Appellants say that the absolute ownership is likewise emphasized by the expression "his own". On the other hand, the claim of appellee is that one may be properly termed the owner of property, though his title or interest is limited to something less than an absolute title or ownership, and in support of this we find that, at least for certain purposes, this court has held that the word "owner" is a generic term. From the case of Adams v. Beale, 19 Iowa 61, we quote the following:

"In construing the redemption laws, the word 'owner' is held to be a generic term, which embraces the different species of interest which may be carved out of a fee simple estate." In the same case the court also said: "any right which in law or equity amounts to an ownership in the land; any right of entry upon it, to its possession or engagement, or any part of it which may be deemed an estate, makes the person an owner as far as it is necessary to give him the right to redeem."

In the case of Lumber Co. v. Peterson & Sampson, 124 Iowa 599, 100 N. W. 550, an action against the principals and surety upon a construction bond, one defense of the surety company was that it was deceived and misled into signing the bond by the false representation as to the ownership of the land on which the building was to be erected. Considering this defense, this court laid down the rule that the term "owner" is one of quite general application, and is frequently applied to one having an interest in or claim upon property much less than absolute and unqualified title. Chapter 451 of the Code (section 10270 et seq.), pertaining to mechanics' liens, and for the purposes of that chapter, defines an "owner" as inclusive of every person for whose use or benefit improvements may be made. Also, in its reference to personal property, the term "owner" has been recognized as applicable to the person having the possession and control of the chattel. Keith v. Maguire, 170 Mass. 21, 48 N. E. 1090. In other words, as indicated by the authorities, where the word "own" or "owner" is used, the precise meaning of the word, when not modified by any other words indicating qualified or absolute ownership, depends upon the subject-matter and the circumstances surrounding the subject-matter and the parties.

It is proper, in considering these words "as his own", and

in arriving at the meaning of this instrument as a whole, to examine the subject-matter of the instrument, the situation of the parties and of the property, and the purpose of the parties in making the instrument. Jacobs v. Jacobs, 42 Iowa 600. After so doing we are of the opinion that the use of these words, stressed by the appellants, does not sustain their conclusions. We think the words "as his own" were used to indicate particular and personal interest of Walter Tener in the $7,000 rather than to express absolute ownership. The following matters sustain this conclusion. The instrument itself contains an express statement of its purpose. This was to increase the *amount* bequeathed to Walter Tener by the terms of the will. It is significant that in this specific statement of purpose appears no allusion to any contemplated or intended enlargement of the character of the estate or interest of Walter Tener in the bequest. Again, to effect their express purpose, each maker of the instrument assigned to Walter Tener a sufficient amount to make up the difference between the amount which the will bequeathed to Walter Tener and the said $7,000. In so doing the makers of the instrument were acting as a family group of persons, and the purpose of the instrument, as above stated, was their common purpose as such group. Nora Cole signed the instrument and apparently her only purpose in so doing was to function as one of the group. It is difficult to find in the instrument any indication that there was a separate or individual purpose on her part to accomplish or effect anything that was extraneous to the said common purpose. It is true that appellants claim that such a separate purpose on her part should be inferred from the use of the words "as his own". But, in addition to what we have said with reference to the meaning of these words in this instrument, the appellants' contention in support of said inference is further weakened by the fact that these words, in the instrument, are a part of a mere expression of a belief or opinion and are not part of, nor connected with, any definite act or word of renunciation or assignment of the $4,000 bequest. Again, in this instrument is a definite assignment to Walter of an additional amount of funds, and it is significant that there is not included in the terms of this assignment, signed by Nora Cole, any word or expression indicating an intention to assign to Walter Tener the remainder interest in the $4,000. It is also pointed out that in the instrument appears the indication of an affirmance of or

acquiescence in the terms of the will. We refer to the portions of the instrument in which the makers assign a sufficient sum to make up the difference between the amount which said will bequeaths to Walter Tener and the said $7,000, and in which the makers expressed it as their purpose to increase the amount bequeathed to Walter Tener by the terms of said will. Without extending further this discussion, we are constrained to conclude that by the instrument of August 27, 1920, Nora Cole did not renounce her bequest in the $4,000 remainder, and did not assign the same to Walter Tener. Interpreting the instrument as we have, all parts are given their due force and effect, and the interpretation rests upon the instrument as a whole. It follows that the district court did not err as claimed by appellants.

The record in this case refers to Nora Cole as guardian, and as trustee, and as guardian and trustee, and in this opinion we have followed the record in that respect in the use of these terms. However, confusion should not result therefrom, because the fact is that the record discloses that Nora Cole, in the probate proceeding, was functioning in the dual capacity, and the district court properly so held, at least inferentially.

It follows that the judgment in the garnishment proceeding, and the order in probate sustaining objections to the final report of guardian, from which this appeal was taken, should be and are affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, MITCHELL, DONEGAN, POWERS, and KINTZINGER, JJ., concur.