PRUDENTIAL INSURANCE COMPANY of America, Appellee, v. WILLIAM LININGER et al., Appellants.

No. 43160.

NOVEMBER 19, 1935.

REHEARING DENIED MARCH 13, 1936.

R. Brown and Kenneth A. Nulph, for appellants.

Wisdom & Kirketeg, and Clinton B. Nasby and Quintard Joyner, for appellee.

PARSONS, J.—This case arose over the foreclosure of a mortgage, the petition for foreclosure being filed in the district court

of Union county on July 13, 1932. The mortgage involved was for $16,000, dated April 29, 1927; on August 23, 1932, the court entered judgment and decree in favor of the plaintiff for $17,-356.34 and costs, and for attorney's fees in the sum of $213.56, with 8 per cent per annum from the date of the decree, and appointed a receiver to take possession of the property. A special execution was issued on August 25, 1932, and the real estate was sold thereunder to the plaintiff company on a bid for $16,-752.89, leaving an unsatisfied balance on the judgment of $1,000. On August 25, 1933, the defendant, owner of the mortgaged real estate, made an application for the extension of period of redemption in pursuance of chapter 179, Acts of the 45th General Assembly, and an order was made on this extending the period of redemption to March 1, 1935, and providing that the receiver continue in possession of the property, as originally decreed. On February 13, 1935, the defendants filed in said cause a second application for extension of the period of redemption from sheriff's sale, setting forth the foregoing facts, and pleading the Acts of the 46th General Assembly, known as House File 84, now chapter 110 of the 46th General Assembly. Under this the defendants asked that the sheriff's deed be not permitted to issue until March 1, 1937.

The plaintiff filed a resistance to the application on March 14, 1935, setting forth that the court was without jurisdiction, and also setting forth that William Lininger had made an application under section 75 of the Federal Bankruptcy Act (as amended [11 USCA section 203]) in the District Court of the United States; also filed a motion to strike the application for an extension of the redemption period, setting forth that Lininger was no longer the owner of the real estate involved therein, or any part thereof, in that said real estate was sold on special execution as before set out, and he was no longer the owner or holder of the equity of redemption, because under the laws of the United States such right of redemption had passed to the trustee of the assets of Lininger. And that on or about the 26th of January, 1935, it was ordered by the referee of the United States court that the application of Lininger, asking that the bankruptcy court take jurisdiction of the said real estate under said section 75, be and the same was dismissed; and it was further ordered that the trustee should not take over said real estate except the right of redemption as the same might exist, and

attached to the resistance a certified copy of the order, and also certified copy of an order of the judge of the United States court on the petition for review made by Lininger, and said order stated, ''Said order is reviewed as requested and being advised the court finds that the said order should be and the same is hereby approved and affirmed.'' On April 26, 1935, the court made an order as to the last application for extension of period of redemption on the motion of plaintiff to strike the same; the order being as follows: ''Hearing on application for extension of period of redemption, and on motion of plaintiff to strike said motion and plaintiff withdraws its resistance to defendants' motion for the purpose of filing its motion to strike. Motion to strike sustained. Defendant Lininger excepts.'' Various other motions were filed by the parties, but the substance of the contention between the parties was as to whether or not, under the circumstances, the defendant was entitled to an order extending the period of redemption to January 1, 1937; or was he barred from so doing by reason of the provisions of the Bankruptcy Act in which it is provided that the title to the property of the bankrupt passes to the trustee in bankruptcy as of the date of the filing of the petition. The only title the bankrupt Lininger had was the right of redemption, and this right of redemption from the sale, under the decree for the plaintiff in the state court, was a property right, which passed to the trustee, and therefore the right to apply for an extension of the period of redemption did not exist in Lininger after he had thus parted with his title.

Section 70 of the Bankruptcy Act, title 11 of the U. S. Code Ann. section 110, provides as follows:

''The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt.''

The trustee of a bankrupt estate, in brief, is vested with the title to all of the property of the bankrupt not exempt from execution. As the total property of the bankrupt, in so far as the property involved in this action was concerned, was simply the right of redemption, as a property right it became vested

in the trustee. The bankrupt court held in the bankrupt proceedings initiated by the defendant that the right to this belonged, under the Bankruptcy Act, to the trustee in bankruptcy. That being true, the bankrupt had no title to the property in controversy here; he was not the owner of it, hence, he was not in a position to invoke the aid of the court in delaying the issue of the sheriff's deed on the sale made under the decree of the district court of this state.

The abstract in this case comes to us in a confused state; no amendment was filed; and it is difficult to tell just what was done in the court below, besides a few rulings, etc. Several motions were made by the defendant, all having the same end in view. No evidence was introduced, but we gather from the undisputed record the facts hereinbefore set out, and from that conclude that the defendant was not the owner of the real estate involved under the meaning of chapter 110 of the 46th General Assembly.

It is urged by the defendant that the Frazier-Lemke Act [Bankr. Act section 75(s), 11 USCA section 203(s)] was held unconstitutional. It has been, but it was merely an amendment to the bankruptcy act. To invoke that act as it passed Congress, it was necessary to file a petition in bankruptcy, thus necessitating bankruptcy proceedings, and except as provided in the Frazier-Lemke Act the proceedings were merely the same as in all other bankruptcy proceedings, and the interest of the bankrupt and his creditors was the same as before. The Frazier-Lemke Act was held unconstitutional and void by the Supreme Court of the United States in the case of Louisville Joint Stock Land Bank v. Radford, 295 U. S. 555, 55 S. Ct. 854, 79 L. Ed. 1593, 97 A. L. R. 1106. The property involved in that case was covered by a mortgage for $9,000; the land was appraised at $18,000 at the time the mortgage was given. The mortgagor filed a petition in bankruptcy claiming the rights allowed him by the Frazier-Lemke Act. The referee had appraised the property at $4,445. The bank offered in open court to pay $9,205 in cash. It was admitted in court that if the bank offer was accepted and the money paid in, it would be immediately returned to it in satisfaction of the mortgage indebtedness. The referee had ordered that for a period of five years all proceedings for the enforcement of the mortgage be stayed; and that the possession of the mortgaged property, subject to liens, remain

in Radford, under the control of the court; interest on mortgage to be cut to 1 per cent; and fixed the rental for the first year at $325; and stipulated that the annual taxes and insurance premiums amounting to $105, and the administration charges of $22.75 must be paid from the rental. This case went from the Circuit Court of Appeals [74 F. (2d) 576] to the Supreme Court of the United States, which held that this was depriving the mortgagee of its rights without compensation, and was unconstitutional and void.

Many other questions have been argued, but they are all covered and cut out by this proposition. Further, the record is in poor shape, no proper showing at all what the lower court finally did, but we take it from the defendant having appealed that the final order of the court must have been to deny the claimed right of extension, which, if the court did so, we hold was a proper thing to do. For the reasons pointed out in this opinion, the action of the district court in this manner is hereby affirmed.

KINTZINGER, C. J., and ALBERT, DONEGAN, and RICHARDS, JJ., concur.