ROY L. BROWN, Appellant, v. LINCOLN JOINT STOCK LAND BANK, Appellee.

No. 43282.

FEBRUARY 13, 1936.

REHEARING DENIED APRIL 8, 1936.

See, also, 219 Iowa 630, 258 N. W. 770.

C. H. Miller, Comfort & Comfort, and Holly & Holly, for appellant.

Henderson & Wilson, for appellee.

POWERS, J.—Plaintiff in this action is the defendant in a mortgage foreclosure suit between the same parties in the same court. The petition alleges that a sheriff's deed was issued in the foreclosure suit March 15, 1934; that two applications had been filed in that suit for an extension of the period of redemption and denied. The instant case asserts that because of the fraud and misrepresentations of the defendant and the reliance of the plaintiff thereon, the plaintiff, as defendant in the foreclosure suit, was placed in a position where he could not bring himself within the terms and conditions of the statute authorizing an extension of the period of redemption. The petition prays that an extension of the period of redemption be granted, and that the defendant be restrained from seeking a writ of possession in the foreclosure case, and for general equitable relief.

The defendant filed a motion to dismiss this petition on the ground that the facts pleaded do not entitle the plaintiff to the relief demanded. The defendant in this case, as plaintiff in the foreclosure case, filed in the foreclosure case an application for a writ of possession. A resistance was filed on all the grounds which plaintiff alleges in his petition in this case. The petition in this case was presented to the court with a request for a temporary writ of injunction restraining the defendant, as plaintiff in the foreclosure case, from seeking a writ of possession in the foreclosure case at the same time that the application in the foreclosure case for a writ of possession was presented. The court ordered the writ of possession issued in the foreclosure case, and refused the temporary injunction in the instant case. It is from this action of the court in refusing a temporary injunction that this appeal is taken. The motion to dismiss the petition has never been submitted.

44

There is no merit in the appeal. The claim that there is equity jurisdiction in one case to restrain proceedings in another equity case previously instituted in the same court and involving the same question is novel doctrine. Everything that is urged here to support the claim for an injunction in this case could with greater propriety be urged, and was in fact urged, in the resistance to the application for the writ of possession in the foreclosure case. That application was in equity. Every equitable defense to it could be and was urged there. The foreclosure case was instituted and a decree entered therein long before the instant case was filed. In that decree the court specifically reserved jurisdiction to put the purchaser at foreclosure sale in possession. There is no challenge to the jurisdiction of the court in the foreclosure case to enter an order for a writ of possession. Moreover, the instant case is one primarily for an extension of the period of redemption in the foreclosure case. Jurisdiction over that question belongs in the foreclosure case. It is doubtful whether such relief could be granted in any other case. By statute the power to grant such relief is given only to the court in the foreclosure case. Chapter 110, Acts of the 46th General Assembly. No reason is suggested why all matters connected with that question cannot be just as adequately and effectively determined in that case. The interference by injunction in the instant case with the proceedings in the foreclosure case to determine a matter properly before the court in that case would not have been proper.

The order of the trial court is affirmed.—Affirmed.

DONEGAN, C. J., and all Associate Justices concur.