PRUDENTIAL INSURANCE COMPANY of America, Appellee, v. N. G. KRASCHEL et al., Appellants.

No. 43279.

APRIL 7, 1936.

REHEARING DENIED NOVEMBER 27, 1936.

Bennett Cullison and G. O. Hurley, for appellants.

Smith & More, Clinton B. Nasby, and Quintard Joyner, for appellee.

ALBERT, J.—Kraschel was the owner of a 240-acre tract of land involved in this proceedings. It was subject to a mortgage of $22,500, which bore date of May 29, 1926. On the 12th of

July, 1927, Kraschel deeded this land to W. T. Shepherd. Shep-·
herd died on the 20th of October, 1931, and his estate was opened
on the 27th of November, 1931. This foreclosure suit was com-
menced on the 17th of August, 1933. A continuance was granted
under the moratorium statute (chapter 182, 45th General As-
sembly) on the 22d of September, 1933, continuing the cause to
the 1st day of March, 1935. On the 28th of February, 1935, a
second application was filed for continuance. This matter came
on for hearing under this last application, and on the 7th day of
May, 1935, the court entered an order denying further continu-
ance, and ordered the cause for trial on its merits. The appeal
involves the question of the order thus made by the court.

To a fair understanding of the question involved, the fol-
lowing is the fact situation as shown by the record.

W. T. Shepherd left a will which was duly probated. After
directing the payment of his debts, in the second paragraph of
his will he bequeathed certain Liberty bonds, of the value of
$2,000, to the Protestant Episcopal church of Harlan, as a trust.
In the third paragraph he named four parties and bequeathed
to each of them the sum of $100. In the fourth paragraph he
bequeathed to his wife $15,000, plus an allowance per month
until the $15,000 was paid to her. In the fifth paragraph he be-
queathed to his son, Allan R. Shepherd, his home residence in
the city of Harlan, together with certain personal property. In
the seventh paragraph he appointed his son, Allan Ramsey Shep-
herd, executor and trustee, and he gave, devised, and bequeathed
all the balance and residue of his property, real, personal, and
mixed, remaining after the provisions for the foregoing devises
and bequests, to his son, Allan R. Shepherd, as executor and
trustee, giving unto him, as such executor and trustee, full power
and authority to ''collect and distribute the income from said
residue, to sell and transfer either personal or real property,
issue deeds of conveyance for any real property sold, to reinvest
any funds coming into his hands and to otherwise manage, con-
trol and dispose of said residue without being required to resort
to any order of court in doing any of the acts above described
* * * but to hold, control and dispose of said residue in trust in
the manner and for the purpose hereinafter set out.'' In the
eighth paragraph, from the income of said residue the trustee
was directed to pay $1,500 per year to the wife, Elizabeth Booth
Shepherd, for the remainder of her natural life, payable in quar-

terly installments, etc.; also to pay all taxes and assessments against the home property during the natural lifetime of the wife, and to pay the balance and residue from the income from the estate, after the payments last above provided, unto himself, Allan Ramsey Shepherd, individually. In the ninth paragraph the executor and trustee was directed, after the death of the wife, to "pay and distribute all the rest of my estate" unto himself individually. This paragraph further provided that upon a showing made that the trustee retained in his possession sufficient property to yield the income required for the annuity to the decedent's wife, the trustee might distribute the residue of this estate individually to himself, provided a court of competent jurisdiction so found, etc.

This will was accompanied by a codicil which in no way affects the matters here under consideration.

The application for this second continuance was made in the name of A. R. Shepherd, Elizabeth Booth Shepherd, and A. R. Shepherd, executor of the will of W. T. Shepherd, asking for a continuance under chapter 115 of the Acts of the Forty-sixth General Assembly. The aforesaid chapter provides that the application is to be made by "the owner or owners of such real estate," and that the application shall be granted unless good cause is shown to the contrary. The record in the case shows that at the time this order was entered there was about $26,600 due on this mortgage, drawing 8 per cent interest. It is stipulated that the estate of William T. Shepherd is insolvent, and that there were about $30,000 in claims filed against said estate. It is also stipulated that Allan R. Shepherd has sufficient property from which he could refinance the mortgage involved herein; that no application has been made for the sale of the real property by the executor; that the executor has had one offer to purchase said land, the purchaser assuming and agreeing to pay the amount due on this mortgage, but no sum beyond that; that the other legatee and beneficiary of the estate of W. T. Shepherd, to wit, Elizabeth Shepherd, is not insolvent.

█ █ █ It will first be noted that this land, under the will, was devised to Allan R. Shepherd as executor and trustee, with the final remainder over to Allan R. Shepherd individually after the death of the wife. It will be noted that Allan R. Shepherd as trustee is not joined in this application. The statute says the "owner or owners of the land" must be joined in the applica-

tion. The question is, Who are the "owner" or "owners" within the meaning of this statute?

In the case of Adams v. Beale, 19 Iowa 61, loc. cit. 68, on the question of right to redeem from tax sale, we said:

"In construing the redemption laws, the word 'owner' is held to be a generic term, which embraces the different species of interest which may be carved out of a fee simple estate. * * * Where land has been mortgaged to secure a debt, and judgment creditors have liens upon it, and the land is in possession of a stranger to the title, whose possession is ripening into a right, each is an 'owner' according to the extent of his interest or claim, and each has a right to protect his interest by a redemption from a tax sale. * * * Any right which in law or equity amounts to an ownership in the land; any right of entry upon it, to its possession or engagement, or any part of it which may be deemed an estate, makes the person an owner as far as it is necessary to give him the right to redeem."

In Lumber Co. v. Peterson & Sampson, 124 Iowa 599, 606, 100 N. W. 550, 552; there was involved the question of a mechanic's lien. We there said:

"The term 'owner' is one of quite general application, and is frequently applied to one having an interest in or claim upon property much less than absolute and unqualified title. [Citing cases.] Ownership may be qualified or unqualified, legal or equitable, and from the mere fact that the legal title of this lot is not in H. W. McQuaid it does not follow that he is not the owner of a title which is good against the world."

We again discussed this question in Bare v. Cole, 220 Iowa 338, at page 342, 260 N. W. 338, 340. We there said:

"This court laid down the rule that the term 'owner' is one of quite general application, and is frequently applied to one having an interest in or claim upon property much less than absolute and unqualified title."

Later in the opinion we cited the case of Keith v. Maguire, 170 Mass. 210, 48 N. E. 1090, and said:

"In other words, as indicated by the authorities, where the word 'own' or 'owner' is used, the precise meaning of the word,

when not modified by any other words indicating qualified or absolute ownership, depends upon the subject-matter and the circumstances surrounding the subject-matter and the parties.''

■■■ Under these rules, and giving the statute a liberal construction, we think that Shepherd as trustee was an owner, as well as Shepherd as an individual, within the meaning of this statute. It therefore follows that the application was not good in the first instance, because Shepherd as trustee did not join in the same.

We have held that it is only the owner who has the right to a continuance under this moratorium statute. See Prudential Ins. Co. v. Claassen, 217 Iowa 1076, 252 N. W. 553; Prudential Ins. Co. v. Lininger, 220 Iowa 1212, 263 N. W. 534; Lincoln Joint Stock Land Bank v. Brown, 219 Iowa 630, 258 N. W. 770; Equitable Life Assur. Soc. of United States v. Kramer, 218 Iowa 80, 253 N. W. 809. It is also apparent from the statute that, where there is more than one "owner," all such owners must join in the application, because the statute is worded "owner or owners."

■■■ We have also laid down the rule that the purpose of this statute is to afford the owner in financial distress an opportunity to refinance or pay the indebtedness and save his farm within the statutory period. Reed v. Snow, 218 Iowa 1165, 254 N. W. 800; Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338; Decorah State Bank v. Sexton, 220 Iowa 1047, 264 N. W. 41. A review of these cases shows that where an owner is able, by reason of his financial situation, aside from the property involved, to pay the interest, taxes, and indebtedness, or to refinance the same, and he refuses to do so, he is not entitled to the benefit of these moratorium statutes. Under the record, A. R. Shepherd is shown to be financially able to refinance this land, if he were willing to so do.

The district court trying the cause has a discretion to determine whether good cause is shown for continuance, and this court will not interfere unless abuse of discretion appears. Decorah State Bank v. Sexton, 220 Iowa 1047, 264 N. W. 41. On the record as it appears before us, we do not feel that the district court abused its discretion in this matter.—Affirmed.

DONEGAN, C. J., and ANDERSON, PARSONS, and RICHARDS, JJ., concur.

HAMILTON and STIGER, JJ., concur in result.

MITCHELL and KINTZINGER, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority opinion, and therefore respectfully dissent.

Application for the second continuance was made in the name of A. R. Shepherd, Elizabeth Booth Shepherd, and A. R. Shepherd, executor of the will of W. T. Shepherd.

The lower court found, and I believe rightly so, that A. R. Shepherd became the owner of the real estate involved herein, under the last will and testament of W. T. Shepherd, subject to certain bequests made in said will and claims filed against the estate, and as he was the owner of the real estate he was entitled to the benefits of the statute.

The main ground upon which the lower court denied the application, in fact, as I read the order entered, the only ground, is that A. R. Shepherd is not one about to lose his property because of the present economic condition, and therefore not entitled to the benefits of the statute.

The Legislature passed this act with the thought and belief in mind that it would assist the people of Iowa in the refinancing of their mortgages, and we have said that this act is to be liberally construed. This is a case in which there is no attempt to deprive the mortgagee of the rents, nor is the case one in which there is any showing that the farm cannot be refinanced. The act provides that there must be good cause shown why the continuance will not be granted. In the judgment of the majority, the good cause is the fact that A. R. Shepherd is not in financial distress. True, he is not in financial distress, but, under this record, if he were now to refinance this mortgage he would be compelled to pay the creditors of the estate and assume the payment of the annuity to the widow. While the record does not set it out, if he undertook to do these things he might be in financial distress, as there are a large number of claims against the estate and the widow is left an annuity of $1,500 a year during her lifetime.

Admittedly, there is a substantial equity in the land, because one buyer has sought to purchase it in a sum in excess of the amount of the mortgage.

In face of such a record I think the order for continuance should have been granted, and I would reverse the case.

I am authorized to state that KINTZINGER, J., concurs in this dissent.