LINCOLN JOINT STOCK LAND BANK, Appellee, v. ROY L. BROWN, Appellant.

No. 44124.

MARCH 15, 1938.

REHEARING DENIED JUNE 24, 1938.

Henderson & Wilson, for appellee.

E. S. Thayer, for appellant.

ANDERSON, J.—This appeal involves only the question as to the defendant-appellant's right to an extension of the period of redemption in a foreclosure action under the Moratorium Act of the 47th General Assembly, ch. 78. A chronological statement of some of the pertinent facts seems necessary to an understanding of the issues presented.

On December 22, 1932, an action was commenced by the plaintiff-appellee against the defendant-appellant for the foreclosure of a mortgage covering real estate in Warren County, Iowa, and on the 4th day of January, 1933, judgment and decree was entered foreclosing the mortgage involved.

On February 15, 1933, the mortgaged property was sold under a special execution issued in the foreclosure proceeding to the plaintiff, bank.

On the 7th day of July, 1933, the defendant, Roy L. Brown, filed a voluntary petition in bankruptcy and was duly adjudged a bankrupt.

On January 12, 1934, the appellant, Brown, filed a motion

for an extension of his right of redemption under chapter 179 of the Laws of the 45th General Assembly. Upon the filing of this application for extension, the district court fixed the time and prescribed notice for hearing thereon, and provided in its order in so doing as follows:

"It is hereby ordered that the sheriff of Warren County be, and he hereby is restrained from issuing a sheriff's deed to said premises prior to the hearing of the cause and the determination hereof. * * *"

Resistance was filed to the defendant's application for extension of time, and on the 7th day of March, 1934, the application for extension was denied by the trial court.

The order restraining the issuance of the deed, above quoted, was never formally dissolved except as it was automatically dissolved by the order entered in March denying the appellant's application for extension of time.

On the 17th day of March, 1934, sheriff's deed was issued under the foreclosure sale.

On April 26, 1934, the appellant appealed to the Supreme Court from the order denying his application for extension of time. As a result of which appeal this court on the 20th day of February, 1935, filed its opinion affirming the action of the lower court in denying appellant's application for extension of the time of redemption. See Lincoln Joint Stock Land Bank v. Brown et al., 219 Iowa 630, 258 N. W. 770.

On February 22, 1935, the appellant filed another application for extension of the period of redemption under said foreclosure action to March 1, 1937, under the provisions of chapter 110 of the 46th General Assembly. This second application for an extension was never heard or determined by the trial court, although an order was entered fixing a time for hearing thereof.

Later an independent action was instituted in equity by the appellant herein, Roy L. Brown, against the appellee herein, Lincoln Joint Stock Land Bank, seeking to obtain an extension of the redemption period under the Moratorium Act and incidentally to enjoin the bank, the plaintiff in this action, from procuring a writ of possession under its foreclosure decree and sheriff's deed. This action was determined adversely to Brown, who was plaintiff in that action, and an appeal was prosecuted by him to this court.

On February 13, 1936, this court affirmed the ruling of the trial court in an opinion reported in 221 Iowa 42, 265 N. W. 115.

On February 23, 1937, the appellant filed in the district court, in the mortgage foreclosure case, a *third* application asking for an extension of the period of redemption to March 1, 1939, under the provisions of chapter 78 of the 47th General Assembly. Resistance was filed to this application by the appellee, and the court fixed a time for hearing and prescribed notice thereof.

On the 18th day of March, 1937, hearing was had on this last application resulting in an order dismissing the application, and from this order this appeal is prosecuted.

█ █ █ We can find no merit in any of appellant's contentions on this appeal. In the first place, the decision of this court on the former appeal, 219 Iowa 630, 258 N. W. 770, is *res adjudicata* as to the first of appellant's applications for continuance, and, secondly, under the pronouncements of this court in the cases of Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833; Iowa-Des Moines National Bank v. Alta Casa Investment Co., 222 Iowa 712, 269 N. W. 798; Ditto v. Edwards, 224 Iowa 243, 276 N. W. 20, and Bank v. Albers, 224 Iowa 865, 277 N. W. 451, the period of redemption having expired and sheriff's deed having issued and no extension of the period of redemption having been granted under either of the two prior applications, the defendant-appellant had no right under the last Moratorium Act to an extension of the period of redemption under his application filed on February 23, 1937.. Chapter 78 of the 47th General Assembly, the last Moratorium Act, specifically provides in section 2 that "In all foreclosure actions in which order has been entered extending the period of redemption to March 1, 1937, as provided by chapter 110 of the Acts of the Forty-sixth General Assembly", upon application the period of redemption shall be extended to March 1, 1939. And section 5 of the act provides that immediately upon the act going into effect all defendant mortgagors *who have been granted extensions* of the period of redemption shall be notified by the clerk of the district court that, unless application for a further extension is filed before March 1, 1937, the extension theretofore granted shall expire, and section 6 of the act provides that upon the filing of the application, above referred to, for a *further* extension of the

period of redemption, the time and place of hearing shall be fixed by the court and notice thereof prescribed. A reading of the above-mentioned provisions of the act conclusively determines that, unless extensions have been granted under either of the two prior Moratorium Acts and not revoked, and in cases in which the statutory period of redemption or the extended period of redemption has not expired, advantage of the last moratorium act may be taken by the defendant, mortgagor. But, if the statutory or extended periods of redemption had expired prior to the filing of the application under the last Moratorium Act, then the defendant mortgagors are without the provisions of the last act.

■■■ Some complaint is made by the appellant that in the former appeal in 219 Iowa 630, 258 N. W. 770, the order appealed from had not been entered of record in the trial court prior to the appeal and the determination thereof, and that by reason of that fact the appellate court was without jurisdiction to hear and determine the appeal. The record shows that the order involved in the former appeal was in fact made and signed by the trial court but was not spread upon the district court records until at a time subsequent to the determination of the former appeal in this court. *Nunc pro tunc* orders were later made directing the recording of the prior order of the court. In this connection it should be noted that the defendant in this appeal, as well as in the former appeal, assumed that the order was appealable and did appeal therefrom, and did ask this court to pass upon such appeal, and this court did assume jurisdiction and passed upon the appeal as requested by the defendant. It would seem that it would be a strange and unusual procedure to permit a litigant to bring an appeal to this court and, after filing abstracts and arguments and orally presenting such appeal, for the appellant to say after the failure of his appeal, that the appellate court had no jurisdiction.

In this connection we quote from page 227 of Vol. II, R. C. L.:

"The decision on the prior appeal is conclusive on the second appeal as to the jurisdiction of the trial court, and as to that of the appellate court on the prior appeal. On the second appeal the decision of the appellate court, arising merely from its assuming jurisdiction of the appeal, is conclusive that the

order appealed from, was appealable, and that the court had jurisdiction of the appeal; and, as has been said, to permit afterwards, * * * a suggestion of the want of jurisdiction in the appellate court upon the first appeal, as a sufficient cause for re-examining the judgment, would certainly be a novelty in practice."

It is also contended by the appellant that the sheriff's deed issued to the plaintiff under the special execution in the foreclosure case was and is void because the order of the lower court restraining the sheriff from issuing the deed was never dissolved. This refers to the order we have above quoted restraining the issuance of the deed prior to the hearing and determination of the first application for continuance. The application for continuance was denied, and this automatically set aside the restraining order referred to. But the appellant contends that the order refusing the continuance on the first application was not effective because it was not spread upon the records of the district court. The answer to this is that it was later so spread upon the minutes by an order *nunc pro tunc*, and such *nunc pro tunc* order made effective the prior order of the court refusing the extension and made it effective as of the date it was in fact made, which was a long time prior to the issuance of the sheriff's deed, and at the time that the sheriff's deed was issued there was no restraining order effective and there was no pending application for a continuance or extension which was effective to prevent the issuance of the deed.

We are constrained to hold that the appellant here has certainly had his *days* in court and that this litigation should at some time cease and determine. As we have heretofore stated in this opinion, we can see no merit in appellant's contentions on this appeal. And it is our conclusion that the judgment and ruling of the trial court was right and it is affirmed.—Affirmed.

STIGER, C. J. and MITCHELL, DONEGAN, RICHARDS, HAMILTON, SAGER, and MILLER, JJ., concur.